1  Shana E. Scarlett (217895)
   HAGENS BERMAN SOBOL SHAPIRO LLP
2  715 Hearst Avenue, Suite 202
   Berkeley, CA  94710
3  Telephone: (510) 725-3000
   Facsimile: (510) 725-3001
4  shanas@hbsslaw.com

5  Steve W. Berman
   HAGENS BERMAN SOBOL SHAPIRO LLP
6  1301 Fifth Avenue, Suite 2900
   Seattle, WA  98101
7  Telephone: (206) 623-7292
   Facsimile: (206) 623-0594
8  steve@hbsslaw.com

9  Elizabeth A. Fegan
   HAGENS BERMAN SOBOL SHAPIRO LLP
10 820 North Boulevard, Suite B
   Oak Park, IL  60301
11 Telephone: (708) 776-5600
   Facsimile: (708) 776-5601
12 beth@hbsslaw.com

13 Attorneys for Plaintiff

14

                    UNITED STATES DISTRICT COURT

15                  NORTHERN DISTRICT OF CALIFORNIA

16

17 SHAWN RILEY, individually and on behalf of  )    No.
   all others similarly situated,               )
18                                              )
                             Plaintiff,         )    CLASS ACTION COMPLAINT
19                                              )
           v.                                   )
20                                              )
   SAFEWAY, INC.,                               )
21                                              )
                             Defendant.         )    **JURY TRIAL DEMANDED**
22                                              )

23

24

25

26

27

28

1         Plaintiff Shawn Riley, by counsel, individually and on behalf of all others similarly situated

2 ("Plaintiff") tenders the following Class Action Complaint and Demand for Jury Trial:

3                     **I.    OVERVIEW**

4         1.     This class action and representative action seeks relief on behalf of Plaintiff and the

5 members of the Class for injuries sustained by them as a result of Safeway's deceptive marketing

6 of milk as organic when the milk is not, in fact, organic and Safeway's increase in gross sales and

7 sales price.

8         2.     During the Class Period, Defendant, which is one of the largest food and drug

9 retailers in North America, violated its duty to inform customers that the "O"-label organic milk is

10 not organic. Defendant's nondisclosure of this material fact constitutes misrepresentation, unfair,

11 unlawful, fraudulent, and/or deceptive business practices in violation of California's consumer

12 protection laws. The materiality of this information is proven directly by federal and state

13 regulations which, at all relevant times, required Defendant to inform consumers that milk that

14 were purchasing was not organic. Defendant flagrantly violated and, in some cases, continue to

15 violate these regulations.

16         3.     As a result of Defendant's misbranding, concealment and nondisclosure, customers

17 are misled to purchase the organic milk and/or to pay a greater price than they would otherwise

18 pay. Defendant has been unjustly enriched at the expense of these consumers.

19         4.     This is a class action and a representative action brought by Plaintiff, who purchased

20 organic milk from, produced or distributed by Defendant in the State of California during the Class

21 Period.

22               **II.    JURISDICTION AND VENUE**

23         5.     The United States District Court for the Northern District of California has diversity

24 jurisdiction over this Class Action lawsuit pursuant to 28 U.S.C. § 1332 as amended by the Class

25 Action Fairness Act of 2005, because, upon information and belief, the amount in controversy

26 exceeds $5,000,000, exclusive of interest and costs, and this lawsuit is a Class Action in which

27 some members of the Plaintiff Class are citizens of states different than Defendant. *See* 28 U.S.C.

28 § 1332(d)(2)(A).

CLASS ACTION COMPLAINT             - 1 -

6.    Safeway, Inc. ("Safeway") is a Delaware corporation with its headquarters and principal place of business in Pleasanton, California.  Considering that Plaintiff is a resident of Illinois, there is minimal diversity amongst the parties.

7.    Venue in this judicial district is proper under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims herein described occurred within this judicial district.

8.    Intradistrict Assignment:  Assignment to the San Francisco or Oakland division of this Court is appropriate because Defendant's headquarters and principal place of business is in Pleasanton, California.  Because this action arises in the county of Alameda, pursuant to Northern District of California, Local Rule 3-2(d), assignment to either the San Francisco Division or the Oakland Division is proper.

### III.    PARTIES

9.    Plaintiff Shawn Riley is a resident of Cook County, Illinois and a citizen of the State of Illinois.  Plaintiff purchased the store-brand organic milk from Defendant Safeway at its Dominick's stores in the Chicago-area on numerous occasions throughout the class period.  This milk was produced by Aurora Dairy Corp. and branded as a private label brand by Safeway. Plaintiff utilized the organic milk produced and sold by Defendant for his own and his family's own consumption.  Plaintiff decided to purchase "organic" milk, and indeed paid a premium price for that "organic" milk, because he believed that it contained fewer additives and was healthier for their consumption than non-organic milk.

10.    Safeway is a Delaware corporation with its principal place of business in Pleasanton, California.  Safeway is one of the largest food and drug retailers in North America.  As of September 8, 2007, the company operated 1,738 stores in the Western, Southwestern, Rocky Mountain, and Mid-Atlantic regions of the United States and in western Canada.

11.    Safeway sold its "organic" milk to Plaintiff and the Class under its store "O" brand. The "organic" milk was contained in cartons that specifically represented that the milk was certified organic milk, despite the fact that it was not organic.  Aurora labels its purportedly organic milk with an organic certified label.  This label is supposed to assure consumers that Aurora's milk

CLASS ACTION COMPLAINT                                       - 2 -

1   complies with the Organic Foods Production Act of 1990 (7 U.S.C. § 6501, *et seq.*) and its

2   implementing regulations (7 C.F.R. Part 205).  Plaintiff and the Class Members they represent pay

3   premium prices for Safeway's "organic" milk.

### IV.    FACTUAL ALLEGATIONS

**A.    Market for Organic Milk**

6      12.    Safeway is and has been selling milk or milk products that it represents to be

7   "organic," when, in fact, the milk is not organic throughout the time period of December 5, 2003

8   through October 15, 2007 ("class period" or "relevant time period").  Safeway sells this milk to

9   consumers directly using its own brand name "O."

10     13.    The market for organic milk has boomed in recent years.  According to the United

11  States Department of Agriculture ("USDA"), total milk or milk products production in the United

12  States in 2004 was 170 billion pounds.  Fluid milk or milk products sales since 1975 have been

13  steady at approximately $11 billion per year.  Currently, organic fluid milk or milk products sales

14  represent about 18% of overall sales.  In 2005, total organic dairy sales were approximately

15  $2 billion.  The organic dairy sector is annually growing at an approximate rate of 16%.

16     14.    Consumers rely on manufacturers and sellers of milk or milk products to determine

17  what milk is in fact organic.  As Aurora Dairy, from which Safeway obtained the milk labeled

18  under its "O" brand, expressly recognizes, "Organic certification is the public's assurance that

19  products have been grown and handled according to strict procedures without persistent toxic

20  chemical inputs." http://www.auroraorganic.com/aodweb/site/itemcontent.aspx?icategoryid=6.

**B.    Organic Milk Standards**

22     15.    The USDA has set forth four requirements that must be satisfied for milk to be

23  labeled as "USDA Organic":  (a) the milk must not come from cows that have been treated with

24  Bovine Growth Hormone; (b) the milk must not come from cows that have been treated with

25  antibiotics; (c) the milk producing cows must only eat feed that has been grown without pesticides;

26  and (d) the milk must come from cows that have some "access to pasture."

27     16.    In order to sell or label an agricultural product as organically produced, the product

28  must be produced and handled in compliance with the Organic Foods Production Act of 1990

CLASS ACTION COMPLAINT                              - 3 -

1  ("OFPA"), *see* 7 U.S.C. 6505(a)(1)(A), and the USDA adopted regulations, *see* 7 C.F.R. Part 205,

2  *et seq.*

3  **C.    Safeway's Representations Concerning Its Organic Milk**

4      17.    By marketing, selling, or otherwise representing that its milk was "organic,"

5  Safeway represented that the milk abides by these laws and regulations and that the milk is

6  "organic."

7      18.    Specifically, Safeway included labels on its "O" brand milk that stated, in whole or

8  in part, as follows:

9      **Description** :
    Organic Fat Free Milk

10      **Ingredients :**
    Organic Grade A Fat Free Milk, Vitamin A Palmitate, Vitamin D3.

11      **Product Attributes :**
    Organic

12      Kosher
    FatFree

13

14      **Product Details :**
    Ultra-Pasteurized Vitamins A & D added. USDA Organic. Grade A;

15      Ultra-Pasteurized; Homogenized. Organic from the Source. There's a lot that goes into a good glass of milk. It starts with the land. Our

16      daily pastures are environmentally friendly, maintained with the use of recognized organic horticultural practices. The dairy cows that

17      produce O Organics Milk enjoy a healthy mix of fresh air, plenty of exercise, clean drinking water and a wholesome, 100% certified

18      organic diet - and they are not given growth hormones or treated with antibiotics. All of these practices support sustainable farming,

19      which is good for the environment, good for the cows and good for the milk. That's why our O Organics Milk tastes like milk should,

20      fresh and pure. To be certified organic, dairy cows must be managed under organic livestock practices at least one year before milking.

21      Their feed must be grown on land that has been under organic cultivation practices for a minimum of three years. Certified Organic

22      19.    On the carton of Safeway's *O* Organics Milk is the following statement:

23                     ORGANICS

24      *Organic from the Source*

25      There's a lot that goes into a good glass of milk.  It starts with the

26      land.  Our dairy pastures are environmentally friendly, maintained with the use of recognized organic horticultural practices.  The dairy

27      cows that produce *O* Organics Milk enjoy a healthy mix of fresh air, plenty of exercise, clean drinking water and a wholesome, 100%

28      certified organic diet – and they are not given growth hormones or treated with antibiotics.

CLASS ACTION COMPLAINT       - 4 -

All of these practices support sustainable farming, which is good for the environment, good for the cows and good for the milk. That's why our *O* Organics Milk tastes like milk should – fresh and pure.

The carton also states:

ORGANICS

organic

Fat Free Milk

Vitamins A & D Added
Grade A • Pasteurized • Homogonized

"To be certified organic, dairy cows, must be managed under organic livestock practices at least on eyear before milking. Their feed must be grown on land that has been under organic cultivation practices for a minimum of three years."

20.    However, Safeway's milk was not organic according to Federal law. In fact, Safeway's "organic" milk was produced in large scale factory farms and otherwise failed to comport with Federal law and thus should not have been certified organic.

**D.    The USDA's Investigation of Safeway's Supplier**

21.    By marketing, selling, or otherwise representing that its milk was "organic," Costco represented that the milk abides by the laws and regulations requiring certain conditions be met before the milk is labeled "organic."

22.    Aurora was formed by the former owners of Horizon, who sold Horizon to Dean Foods. The sale left Aurora with thousands of milk cows. Aurora then started its Colorado operation which produces 10 million gallons of milk a year. It is in essence a factory-farm model, there is no opportunity for cows to graze, as depicted below:



CLASS ACTION COMPLAINT                    - 5 -

1

2      23.    Aurora's primary business is selling milk for use in the private-label milk market for

3   Safeway, Costco, Wild Oats and others.

4      24.    However, Aurora's milk was not organic according to Federal law.  In fact,

5   Aurora's "organic" milk was produced in large scale factory farms and otherwise failed to comport

6   with Federal law.

7      25.    On March 7, 2007, the USDA identified the following "violations by Aurora

8   Organic Dairy," from which Safeway obtained the milk Safeway sold under its own labels, of

9   federal law:

10          a.    From 2003 through 2006, for dairy animals at its Platteville, Colorado

11  facility, Aurora failed to provide a total feed ration that included pasture, failed to establish and

12  maintain pasture conditions appropriate for minimizing the occurrence and spread of diseases and

13  parasites, and failed to establish and maintain access to pasture, in willful violation of 7 C.F.R.

14  §§ 205.237(a), 205.238(a)(3), and 205.239(a)(2);

15

16          b.    During the spring and early summer of 2006, Aurora entered conventional

17  dairy animals into organic milk or milk products production at its Dublin, Texas facility before

18  those animals completed the required one-year period of continuous organic management, in

19  willful violation of 7 C.F.R. § 205.236(a)(2);

20          c.    From 2003 through 2006, Aurora purchased for its Platteville facility, from

21  Promiseland Livestock in Falcon, Missouri, dairy animals that had been converted from

22  conventional to organic milk or milk products production, and thus had not been under continuous

23  organic management from at least the last third of gestation, in willful violation of 7 C.F.R.

24  § 205.236(a)(2)(iii);

25

26          d.    From on or about July 10, 2004 through on or about September 28, 2005,

27  Aurora moved organic dairy animals from its certified Platteville facility to Wells Ranch in Gill,

28

CLASS ACTION COMPLAINT                    - 6 -

1  Colorado, a non-organic (non-certified) livestock operation for management, and thereafter

2  returned them to the Platteville facility for organic dairy production, in willful violation of 7 C.F.R.

3  § 205.236(b)(1);

4          e.      From February 2005 through March 2006, Aurora moved organic calves

5  from its certified Platteville facility to non-organic (non-certified) livestock operations for

6  management, and eventually returned them to the Platteville facility for organic dairy production,

7  in willful violation of 7 C.F.R. §§ 205.236(a)(2)(iii) and 205.236(b)(1);

8

9          f.      From 2003 through 2006, Aurora used non-organic agricultural products,

10  such as wheat straw and corn stalks, as bedding for organic dairy animals at its Platteville facility,

11  in willful violation of 7 C.F.R. § 205.239(a)(3);

12          g.      From on or about July 27, 2004 through on or about September 30, 2005,

13  Aurora routinely caused organic dairy animals from Promiseland Livestock, a certified organic

14  dairy, to be delivered to Wells Ranch, a non-organic livestock operation, for livestock

15  management, before having them delivered to Aurora's Platteville facility for organic dairy

16

17  production, in willful violation of 7 C.F.R. § 205.236(b)(1);

18          h.      From December 5, 2003 through at least September 7, 2007, Aurora sold,

19  labeled and represented its milk or milk products as being organically produced when such milk or

20  milk products were not produced and handled in accordance with the National Organic Program

21

22  regulations, in willful violation of 7 C.F.R. §§ 205.102, 205.200 and 205.400(a);

23          i.      From on or about October 29, 2003 through on or about March 9, 2006,

24  Aurora failed to notify its certifying agent immediately concerning changes to the operation of its

25  Platteville facility regarding the termination an utilization of off-site facilities, such as Wells

26  Ranch, contracted by Aurora to provide pasture and/or livestock management services, in willful

27

28  violation of 7 C.F.R. § 205.400(f)(2);

CLASS ACTION COMPLAINT                          - 7 -

1              j.     Aurora failed to include a summary statement, supported by documentation,

2    in the December 29, 2004 and December 28, 2005 Organic System Plans for its Platteville facility

3    that detailed changes to the previous year's Organic System Plan regarding the termination and

4    utilization of off-site facilities, such as Wells Ranch, contracted by Aurora to provide pasture

5    and/or livestock management services, in willful violation of 7 C.F.R. § 205.406(a)(1)(i);

6
          k.     From 2004 through 2006, Aurora failed to maintain adequate records that

7

8    disclosed all activities and transaction in sufficient detail as to be readily understood and audited to

9    demonstrate compliance with the OFPA and the National Organic Program regulations concerning

10   pasture arrangements with operations identified by Aurora in its annual Organic System Plan for its

11   Platteville facility, in willful violation of 7 C.F.R. § 205.103(b);

12
          l.     In the October 29, 2003 and December 29, 2004 Organic System Plans for
13

14   its Platteville facility, Aurora failed to include a full description of the practices and procedures to

15   be performed by Wells Ranch, in willful violation of 7 C.F.R. § 205.201(a)(1);

16             m.     In the December 28, 2005 Organic System Plan for its Platteville facility,

17   Aurora failed to include a full description of the practices and procedures to be performed by

18   Matsude Farms, Salazar, Cockroft Dairy Farm, and Ray-Glo Dairy, as at its Woodword facility, in

19   willful violation of 7 C.F.R. § 205.201(a)(1); and

20
          n.     In the October 29, 2003, December 29, 2004, and December 28, 2005
21

22   Organic System Plans for its Platteville facility, Aurora failed to include a full description of the

23   monitoring practices and procedures to be performed and maintained to verify that its Organic

24   System Plans were effectively implemented with respect to off-site operations contracted by

25   Aurora to provide pasture and/or livestock management services, in willful violation of 7 C.F.R.

26   § 205.201(a)(3).

27

28
  CLASS ACTION COMPLAINT              - 8 -

1        26.    On August 23, 2007, Aurora entered into a Consent Agreement with the USDA.

2  This Consent Agreement contained a stipulation for probation. The USDA found that Aurora had

3  not been in compliance with the federal organic food regulations, and placed it on a one year

4  probationary period. The Consent Agreement provided that Aurora was required to remove

5  organic dairy animals "currently present at Platteville that transitioned under the '80/20' rule" from

6  the plant, and instructed that such animals could only be utilized as conventional animals, not

7  certified organic animals. Finally, the Consent Agreement also requires Aurora to address all

8  issues that were raised in the Notice of Proposed Revocation in order for its organic certification

9  not to be revoked.

10  **E.    Defendant's Illegal Conduct**

11        27.    Safeway violated, and continues to violate federal and state law (including the

12  applicable regulations by selling its milk as "organic." By mislabeling the milk, Safeway has

13  misled, and continues to mislead Plaintiff and the Class Members into paying a higher price for

14  milk that cannot be sold as "organic."

15        28.    The milk that Safeway sold was not organic, despite Defendant's misrepresentations

16  that the milk was, in fact, organic; in that Aurora and thus Safeway had failed to comply with the

17  requirements of the OFPA. *See* 7 C.F.R. § 205.102, *et seq.*, in at least the following ways:

18        a.    Safeway represented its milk or milk products as "organic" when, in fact,

19  they were not, in willful violation of 7 C.F.R. § 205.102;

20        b.    Aurora failed to maintain records concerning the production and handling of

21  milk or milk products intended to be sold, labeled, or represented as "organic" in a manner which

22  fully disclosed all activities and transactions of the certified operation in sufficient detail as to be

23  readily understood and audited, in willful violation of 7 C.F.R. § 205.103(b);

24        c.    Aurora failed to provide its dairy cows with access to land used for livestock

25  grazing that it managed to provide feed value as required by 7 C.F.R. §205.200;

26        d.    Aurora, intending to sell, label or represent milk or milk products as

27  "organic," failed to comply with the applicable provisions of 7 C.F.R. § 205.200;

28

1          e.      Aurora failed to maintain an accurate organic production or handling system

2    that includes a description of practices and procedures to be performed and maintained, including

3    the frequency with which they will be performed, in willful violation of 7 C.F.R. §205.201(a)(1);

4          f.      Aurora failed to maintain an accurate organic production or handling system

5    that included a description of the monitoring practices and procedures to be performed and

6    maintained, including the frequency with which they will be performed, to verify that the plan is

7    effectively implemented, in willful violation of 7 C.F.R. § 205.201(a)(3);

8          g.      Aurora, after an entire, distinct herd had been converted to organic

9    production, failed to maintain all cows under organic management from the last third of gestation,

10   in willful violation of 7 C.F.R. §205.236(a)(2)(iii);

11         h.      Aurora removed its dairy cows from an organic operation and subsequently

12   managed those cows on a non-organic (non-certified) operation before being sold, labeled, or

13   represented as organically produced, in willful violation of 7 C.F.R. § 206.236(b)(1);

14         i.      Aurora failed to provide its dairy cows with a total fee ration composed of

15   agricultural products, including pasture and forage, that are organically produced and, where

16   applicable, organically handled, in willful violation of 7 C.F.R. 205.238(a)(3);

17         j.      Aurora failed to establish and maintain living conditions for its dairy cows

18   which accommodate their health and natural behavior, in willful violation of 7 C.F.R. § 205.239(a);

19         k.      Aurora failed to establish appropriate housing, pasture conditions, and

20   sanitation practices for its dairy cows to minimize the occurrence and spread of diseases and

21   parasites, in willful violation of 7 C.F.R. § 205.238(a)(3);

22         l.      Aurora failed to provide its dairy cows with suitable access to the outdoors,

23   shade, shelter, exercise areas, fresh air, and direct sunlight in willful violation of 7 C.F.R.

24   § 205.239(a)(1);

25         m.      Aurora failed to provide its dairy cows with access to pasture in willful

26   violation of 7 C.F.R. § 205.239(a)(2);

27

28

CLASS ACTION COMPLAINT                      - 10 -

1            n.      Aurora failed to provide its dairy cows with appropriate clean, dry bedding,

2  which complies with the feed requirements of § 205.237, in willful violation of 7 C.F.R.

3  § 205.239(a)(3);

4            o.      Aurora failed to provide shelter designed to allow for its dairy cows' natural

5  maintenance, comfort behaviors, and the opportunity to exercise, as required by federal regulation;

6            p.      Aurora failed to comply with the Organic Food Production Act of 1990 and

7  applicable organic production and handling regulations of 7 C.F.R. § 205.400(a);

8            q.      Aurora failed to immediately notify its certifying agent concerning the

9  application of a prohibited substance to its dairy cows, in willful violation of 7 C.F.R.

10  § 205.400(f)(2); and

11            r.      Aurora failed to submit to its certifying agent an updated organic production

12  or handling system plan that included a summary statement, supported by documentation, detailing

13  deviations from, changes to, modifications to, or other amendments made to the previous year's

14  organic system plan during the previous year in willful violation of 7 C.F.R. § 205.406(a)(1)(i).

15      29.     Defendant Safeway failed to conduct its own inspections and oversight to determine

16  whether Aurora was complying with the laws and/or ignored Aurora's flagrant violations. Its

17  representations about cows having a "healthy mix of fresh air, plenty of exercise," were blatantly

18  false. Thus, despite the violations of federal law and regulations, Safeway marketed and sold the

19  milk or milk products under the "O" brand representing that the milk was organic, when it was not.

20  Defendant's conduct deceived Plaintiff and the Class Members into believing that they were

21  purchasing organic milk when they were not.

22      30.     Thus, Safeway directly misrepresented to Plaintiff and the Class Members that the

23  "organic" milk it sold under its own label was certified organic, when it was not. Again, Plaintiff

24  and the Class Members would not have purchased Safeway's milk, and paid the premium for

25  Safeway's milk had they known that Safeway's milk was, in fact non-organic.

26

27

28

CLASS ACTION COMPLAINT          - 11 -

## V.    CLASS ACTION ALLEGATIONS

31.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff seeks certification of a national Consumer Class (with the designation of statewide subclasses if the Court deems necessary and appropriate) defined as follows:

> All persons in the United States who purchased organic milk or milk products from Safeway.

Should this court determine that a national Consumer Class would not satisfy the applicable requisites for class certification, Plaintiff alternatively seeks certification of a statewide class, defined as:

> All consumer residents and/or domiciliaries of California who purchased organic milk or milk products from Safeway.

32.    Plaintiff is informed and believes that the Class consists of many thousands of persons throughout the United States, making individual joinder of all Class Members impracticable.

33.    Questions of law and fact are common to the Plaintiff Class and predominate over questions affecting only individual member, including, *inter alia*, the following:

a.    Whether the alleged conduct by Defendant violated laws as alleged in this Complaint;

b.    Whether Defendant engaged in unfair, unlawful and/or fraudulent business practices by failing to disclose that the milk labeled as organic milk was not organic;

c.    Whether Defendant violated federal and/or state regulations by failing to disclose that the milk labeled as organic milk was not organic;

d.    Whether Plaintiff and the members of the Class were unconscionably induced into purchasing organic milk without adequate disclosures that the milk was not organic;

e.    Whether Defendant violated California law, including the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*, §§ 17500, *et seq.*, and/or California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*;

f.    Whether Defendant made misrepresentations to Plaintiff and the members of the Class about milk labeled as organic;

CLASS ACTION COMPLAINT                              - 12 -

1             g.     Whether Plaintiff and the members of the Class are entitled to equitable

2  and/or injunctive relief;

3             h.     Whether Defendant's unlawful, unfair and/or deceptive practices harmed

4  Plaintiff and the members of the Class; and

5             i.     Whether Defendant was unjustly enriched by its deceptive practices.

6     34.    Plaintiff's claims are typical of the claims of the Class Members as described above;

7  the claims arise form the same course of conduct by Safeway and the relief sought is common.

8     35.    Plaintiff will fairly and adequately represent and protect the interests of all Class

9  Members. Plaintiff is represented by counsel competent and experienced in both consumer

10  protection and class action litigation.

11     36.    Class certification is proper under Fed. R. Civ. P. 23(b)(1)(A), because the

12  prosecution of separate actions by individual Class Members would create a risk of inconsistent or

13  varying adjudications with respect to individual Class Members and potentially establish

14  incompatible standards of conduct for Defendant.

15     37.    Class certification is proper under Fed. R. Civ. P. 23(b)(1)(B) because the

16  prosecution of separate actions by individual Class Members would create a risk of adjudications

17  with respect to individual Class Members which would, as a practical matter, be dispositive of the

18  interest of the other members not parties to these adjudications and/or substantially impair their

19  ability to protect these interests.

20     38.    Class certification is proper under Fed. R. Civ. P. 23(b)(3), because common issue

21  of law and fact predominate over any questions affecting only individual members of the Class,

22  and a class action is superior to other available methods for the fair and efficient adjudication of

23  this controversy.

24     39.    A class action is superior to other methods for the fair and efficient adjudication of

25  this controversy, since joinder of all members is impracticable. Furthermore, because the

26  economic damages suffered by the individual Class Members may be relatively modest, albeit

27  significant, compared to the expense and burden of individual litigation, it would be impracticable

28

CLASS ACTION COMPLAINT        - 13 -

1  for Class Members to seek redress individually for the wrongful conduct alleged herein. There will

2  be no difficulty in the management of this litigation as a class action.

### VI.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**(California's Business & Professions Code §§ 17200, *et seq.*)**

40.    The preceding paragraphs of this Complaint are realleged and incorporated by reference. Plaintiff asserts this claim for violations of California's UCL, Bus. & Prof. Code §§ 17200, *et seq.*, on behalf of himself and the members of the Class.

41.    Defendant's statements and representations constitute "unfair" trade practices that have the capacity to and do deceive consumers, in violation of the UCL.

42.    All of the wrongful conduct alleged herein occurs and continues to occur in the conduct of Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct that is repeated in the State of California (and throughout the United States) on thousands (if not tens of thousands) of occasions daily.

43.    As a proximate result of Defendant's wrongful conduct, Plaintiff, and the members of the Class have sustained damages by paying a higher price for milk labeled as organic that was not organic.

44.    Plaintiff requests that this Court enter such orders or judgments as may be necessary to restore to any person in interest any money which may have been acquired by means of such unfair competition, as provided in Cal. Bus. & Prof. Code § 17203 and Cal. Civ. Code § 3345, and for such other relief as set forth in the Prayer for Relief.

### SECOND CAUSE OF ACTION

### VIOLATIONS OF THE CLRA

**(Cal. Civ. Code §§ 1750, *et seq.*)**

45.    The preceding paragraphs of this Complaint are realleged and incorporated by reference. Plaintiff asserts this claim for violations of the CLRA on behalf of himself and the members of the Class.

1     46.    Plaintiff and the members of the Class are consumers who purchase goods (food

2 products) from Defendant for personal, family, or household purposes.

3     47.    Representing that goods (including food products) have approval, characteristics,

4 uses, or benefits which they do not have and advertising goods with intent not to sell them as

5 advertised constitute unfair or deceptive trade practices under the provisions of the CLRA, Cal.

6 Civ. Code §§ 1770(a)(5), (9), (14) and (17).

7     48.    Plaintiff and the members of the Class have all been directly and proximately

8 injured by Defendant's conduct, and such injury includes the purchase of milk labeled as organic,

9 but which was not organic, that they would not have purchased were they truthfully and fully

10 informed of material facts concerning the fact that the milk was not organic.

11     49.    Pursuant to Cal. Civ. Code § 1780(a), Plaintiff seeks an order enjoining Defendant

12 from engaging in the methods, acts, or practices alleged herein. Pursuant to Cal. Civ. Code § 1782,

13 if Defendant does not rectify its illegal acts within 30 days, Plaintiff intends to amend this

14 complaint to add claims for: a) actual damages; b) restitution of money to Plaintiff and class

15 members; c) punitive damages; d) attorneys' fees and costs; and e) other relief that this Court

16 deems proper.

17 **THIRD CAUSE OF ACTION**

18 **FALSE AND MISLEADING ADVERTISING**

19 **(Cal. Bus. & Prof. Code § 17500)**

20     50.    The preceding paragraphs of this Complaint are realleged and incorporated by

21 reference. Plaintiff asserts this claim for violations of Cal. Bus. & Prof. Code § 17500 on behalf of

22 himself and the members of the Class.

23     51.    In violation of Section 17500, in connection with its sales of non-organic milk,

24 Defendant made or disseminated statements which are untrue or misleading, and which Defendant

25 knew (or by the exercise of reasonable care should have known) to be untrue or misleading.

26     52.    As a result of the violations of California law alleged herein, Defendant has been,

27 and will be, unjustly enriched at the expense of Plaintiff, the members of the Class and the general

28 public. Specifically, Defendant has been unjustly enriched by their receipt of monies from

CLASS ACTION COMPLAINT                 - 15 -

1    consumers who purchased milk labeled organic that was not organic which is advertised and/or

2    otherwise marketed in this State, and is promoted and sold by Defendant through advertising and

3    marketing materials containing the false and misleading statements alleged herein.

4        53.    Pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff requests that this Court enter

5    such orders or judgments as may be necessary to restore to any person in interest any money which

6    may have been acquired by means of such unfair competition, and for such other relief as set forth

7    below.

8                              **FOURTH CAUSE OF ACTION**

9                          **NEGLIGENT MISREPRESENTATION**

10        54.    The preceding paragraphs of this Complaint are realleged and incorporated by

11    reference.  Plaintiff asserts this claim for negligent misrepresentation on behalf of himself and the

12    members of the Class.

13        55.    Defendant owed a duty to Plaintiff and members of the Class to exercise reasonable

14    case in making representations about organic milk.

15        56.    These representations were negligently and recklessly made to potential customers

16    and the general public through uniform misbranding, concealment and non-disclosure, through

17    mass media and point-of-sale advertising, and through other information prepared or disseminated

18    by Defendant.  As a direct and proximate result of these misrepresentations, omissions and

19    concealment, Plaintiff and the Class members have been damaged in and amount to be proven at

20    trial.

21        57.    Defendant at all times knew that Plaintiff and the Class members relied (or should

22    be presumed to have relied) upon the labeling and lack of labeling provided by Defendant, and the

23    materiality of such labeling is established as a matter of state and federal Law.  Defendant's

24    concealment, misbranding and non-disclosure were intended to influence consumers' purchasing

25    decisions and were done with reckless disregard for the rights of consumers.  Plaintiff's and Class

26    members' reliance was reasonably foreseeable by Defendant.

27

28

CLASS ACTION COMPLAINT                          - 16 -

1

## FIFTH CAUSE OF ACTION (IN THE ALTERNATIVE)

2

## DEFENDANT'S VIOLATION OF STATE CONSUMER PROTECTION ACTS

3      58.    Plaintiff incorporates by reference the preceding paragraphs as if they were fully set

4   forth herein.

5      59.    Safeway had a statutory duty to refrain from unfair or deceptive acts or practices in

6   the manufacture, promotion and sale of "organic" milk.

7      60.    Had Defendant not engaged in the deceptive conduct described above, Plaintiff and

8   the Class Members would not have purchased Safeway's "organic" milk.

9      61.    Plaintiff believes that California law should apply nationwide. However, if

10  California law does not apply, Defendant's deceptive, unconscionable and/or fraudulent

11  representations and material omissions to consumers and the public, including Plaintiff and the

12  Class Members, constituted unfair and deceptive acts and practices in violation of the state

13  consumer protection statutes listed below:

14      a.    Defendant has engaged in unfair competition or unfair or deceptive acts or

15  practices in violation of Ala. Code §§ 8-19-1, *et seq.*;

16      b.    Defendant has engaged in unfair competition or unfair or deceptive acts or

17  practices in violation of Alaska Stat. §§ 45.50.471, *et seq.*;

18      c.    Defendant has engaged in unfair competition or unfair or deceptive acts or

19  practices in violation of Ariz. Rev. Stat. §§ 44-1522, *et seq.*;

20      d.    Defendant has engaged in unfair competition or unfair or deceptive acts or

21  practices in violation of Ark. Code §§ 4-88-101, *et seq.*;

22      e.    Defendant has engaged in unfair competition or unfair or deceptive acts or

23  practices in violation of Cal. Civ. Code §§ 1770, *et seq.* and Cal Bus. & Prof. Code §§ 17200, *et*

24  *seq.*;

25      f.    Defendant has engaged in unfair competition or unfair or deceptive acts or

26  practices in violation of Colo. Rev. Stat. §§ 6-1-105, *et seq.*;

27      g.    Defendant has engaged in unfair competition or unfair or deceptive acts or

28  practices in violation of Conn. Gen. Stat. §§ 2-1 10a, *et seq.*;

CLASS ACTION COMPLAINT                        - 17 -

1              h.      Defendant has engaged in unfair competition or unfair or deceptive acts or

2   practices in violation of 6 Del. Code §§ 2511, *et seq.* and 2531, *et seq.*;

3              i.      Defendant has engaged in unfair competition or unfair or deceptive acts or

4   practices in violation of D.C. Code §§ 28-3901, *et. seq.*;

5              j.      Defendant has engaged in unfair competition or unfair or deceptive acts or

6   practices in violation of Fla. Stat. §§ 501.201, *et seq.*;

7              k.      Defendant has engaged in unfair competition or unfair or deceptive acts or

8   practices in violation of Ga. Stat. §§ 10-1-372, *et seq.*, 10-1-392 and 10-1-420.

9              l.      Defendant has engaged in unfair competition or unfair or deceptive acts or

10  practices in violation of Haw. Rev. Stat. §§ 480-1, *et seq.*;

11            m.     Defendant has engaged in unfair competition or unfair or deceptive acts or

12  practices in violation of Idaho Code §§ 48-601, *et seq.*;

13            n.      Defendant has engaged in unfair competition or unfair or deceptive acts or

14  practices in violation of 815 ILCS §§ 505/1, *et seq.*;

15            o.      Defendant has engaged in unfair competition or unfair or deceptive acts or

16  practices in violation of Ind. Code Ann. §§ 24-5-0.5-1, *et seq.*;

17            p.      Defendant has engaged in unfair competition or unfair or deceptive acts or

18  practices in violation of Iowa Code §§ 714.16, *et seq.*;

19            q.      Defendant has engaged in unfair competition or unfair or deceptive acts or

20  practices in violation of Kan. Stat. §§ 50-623, *et seq.*;

21            r.      Defendant has engaged in unfair competition or unfair or deceptive acts or

22  practices in violation of Ky. Rev. Stat. §§ 367.170, *et seq.*;

23            s.      Defendant has engaged in unfair competition or unfair or deceptive acts or

24  practices in violation of La. Rev. Stat. §§ 51:1401, *et seq.*;

25            t.      Defendant has engaged in unfair competition or unfair or deceptive acts or

26  practices in violation of 5 Me. Rev. Stat. §§ 205A, *et seq.*;

27            u.      Defendant has engaged in unfair competition or unfair or deceptive acts or

28  practices in violation of Md. Com. Law Code §§ 13-101, *et seq.*;

CLASS ACTION COMPLAINT          - 18 -

1            v.     Defendant has engaged in unfair competition or unfair or deceptive acts or

2 practices in violation of Mass. Gen. L. Ch. 93 A, *et seq.*;

3            w.     Defendant has engaged in unfair competition or unfair or deceptive acts or

4 practices in violation of Mich. Comp. Laws Ann. §§ 445.90 1, *et seq.*;

5            x.     Defendant has engaged in unfair competition or unfair or deceptive acts or

6 practices in violation of Minn. Stat. §§ 325D.43, *et seq.*; 325 F.67, *et seq.*; and 325F.68, *et seq.*;

7            y.     Defendant has engaged in unfair competition or unfair or deceptive acts or

8 practices in violation of Miss. Code Ann. §§ 75-24-1, *et seq.*;

9            z.     Defendant has engaged in unfair competition or unfair or deceptive acts or

10 practices in violation of Vernon's Ann. Missouri Stat. §§ 407.010, *et seq.*;

11            aa.     Defendant has engaged in unfair competition or unfair or deceptive acts or

12 practices in violation of Mont. Code Ann. §§ 30-14-101, *et seq.*;

13            bb.     Defendant has engaged in unfair competition or unfair or deceptive acts or

14 practices in violation of Neb. Rev. Stat. §§ 59-1601, *et seq.*;

15            cc.     Defendant has engaged in unfair competition or unfair or deceptive acts or

16 practices in violation of Nev. Rev. Stat. Ann. §§ 598.0903, *et seq.*;

17            dd.     Defendant has engaged in unfair competition or unfair or deceptive acts or

18 practices in violation of N.H. Rev. Stat. §§ 358-A:1, *et seq.*;

19            ee.     Defendant has engaged in unfair competition or unfair or deceptive acts or

20 practices in violation of N.J. Rev. Stat. §§ 56:8-1, *et seq.*;

21            ff.     Defendant has engaged in unfair competition or unfair or deceptive acts or

22 practices in violation of N.M. Stat. §§ 57-12-1, *et seq.*;

23            gg.     Defendant has engaged in unfair competition or unfair or deceptive acts or

24 practices in violation of N.Y. Gen. Bus. Law §§ 349, *et seq.* and 350-e, *et seq.*;

25            hh.     Defendant has engaged in unfair competition or unfair or deceptive acts or

26 practices in violation of N.C. Gen. Stat. §§ 75-1.1, *et seq.*;

27            ii.     Defendant has engaged in unfair competition or unfair or deceptive acts or

28 practices in violation of N.D. Cent. Code §§ 51-12-01, *et seq.*, and 51-15-01, *et seq.*;

CLASS ACTION COMPLAINT           - 19 -

1             jj.     Defendant has engaged in unfair competition or unfair or deceptive acts or

2 practices in violation of Ohio Rev. Stat. §§ 1345.01, *et seq.*;

3             kk.     Defendant has engaged in unfair competition or unfair or deceptive acts or

4 practices in violation of 15 Okla. Stat. §§ 15 751, *et seq.*;

5             ll.     Defendant has engaged in unfair competition or unfair or deceptive acts or

6 practices in violation of Or. Rev. Stat. §§ 646.605, *et seq.*;

7             mm.     Defendant has engaged in unfair competition or unfair or deceptive acts or

8 practices in violation of 73 Pa. Stat. §§ 201-1, *et seq.*;

9             nn.     Defendant has engaged in unfair competition or unfair or deceptive acts or

10 practices in violation of R.I. Gen. Laws. §§ 6-13.1-1, *et seq.*;

11             oo.     Defendant has engaged in unfair competition or unfair or deceptive acts or

12 practices in violation of S.C. Code Laws §§ 39-5-10, *et seq.*;

13             pp.     Defendant has engaged in unfair competition or unfair or deceptive acts or

14 practices in violation of S.D. Codified Laws §§ 37-24-1, *et seq.*;

15             qq.     Defendant has engaged in unfair competition or unfair or deceptive acts or

16 practices in violation of Tenn. Code §§ 47-18-101, *et seq.*;

17             rr.     Defendant has engaged in unfair competition or unfair or deceptive acts or

18 practices in violation of Tex. Bus. & Com. Code §§ 17.41, *et seq.*;

19             ss.     Defendant has engaged in unfair competition or unfair or deceptive acts or

20 practices in violation of Utah Code §§ 13-11-1, *et seq.*;

21             tt.     Defendant has engaged in unfair competition or unfair or deceptive acts or

22 practices in violation of 9 Vt. §§ 2451, *et seq.*;

23             uu.     Defendant has engaged in unfair competition or unfair or deceptive acts or

24 practices in violation of Va. Code §§ 59.1-196, *et seq.*;

25             vv.     Defendant has engaged in unfair competition or unfair or deceptive acts or

26 practices in violation of Wash. Rev. Code. §§ 19.86.0 10, *et seq.*;

27             ww.     Defendant has engaged in unfair competition or unfair or deceptive acts or

28 practices in violation of West Virginia Code §§ 46A-6-101, *et seq.*;

1    xx.    Defendant has engaged in unfair competition or unfair or deceptive acts or

2    practices in violation of Wis. Stat. §§ 100.20, *et seq.*; and

3    yy.    Defendant has engaged in unfair competition or unfair or deceptive acts or

4    practices in violation of Wyo. Stat. §§ 40-12-101, *et seq.*

5    62.    Plaintiff and the Class Members relied upon Defendant's misrepresentations and/or

6    omissions (as described herein) in purchasing Defendant's "organic" milk.

7    63.    As a direct and proximate result of Defendant's wrongful conduct, Plaintiff and the

8    Class Members have been damaged by, *inter alia,* paying a premium price for "organic" milk,

9    when Plaintiff and the Class Members received non-organic milk.

10    64.    As a direct and proximate result of Defendant's wrongful conduct, Plaintiff and the

11    Class are entitled to compensatory damages, treble damages, attorneys' fees and cost of this suit.

12    ## SIXTH CAUSE OF ACTION

13    ## COMMON LAW UNJUST ENRICHMENT

14    65.    This Cause of Action is pled in the alternative to all contract-based claims and/or

15    causes of action at law.

16    66.    Defendant has received a benefit from Plaintiff and the Class Members in the form

17    of the prices Plaintiff and the Class Members paid for Defendant's "organic" milk or milk products

18    during the relevant time period.

19    67.    Defendant is aware of its receipt of the above-described benefit.

20    68.    Defendant received the above-described benefit to the detriment of Plaintiff and

21    each of the other members of the Class.

22    69.    Defendant continues to retain the above-described benefit to the detriment of

23    Plaintiff and the Class Members.

24    70.    Under the circumstances, it would be inequitable for Defendant to retain the above

25    described benefit.

26    71.    As a result of Defendant's unjust enrichment, Plaintiff and the Class Members have

27    sustained damages in an amount to be determined at trial and seek full disgorgement and restitution

28

of Defendant's enrichment, benefits, and ill-gotten gains acquired as a result of the unlawful or wrongful conduct alleged above.

## SEVENTH CAUSE OF ACTION
### BREACH OF EXPRESS WARRANTY

72.   Plaintiff hereby incorporates the preceding paragraphs by reference.

73.   Aurora sold its "organic" milk or milk products to retailers who sold that milk or milk products to Plaintiff and the Class Members.

74.   At all times relevant to this action, Defendant falsely represented that its milk or milk products were "organic" when they were not produced in compliance with the applicable organic certification requirements, laws, standards and regulations.

75.   By its statements and representations about the "organic" status of its milk or milk products, Defendant warranted the production process and condition of that "organic" milk or milk products purchased by Plaintiff and the Class Members.

76.   Defendant made these representations and warranty statements to induce Plaintiff and the Class Members to purchase Defendant's "organic" milk or milk products or was a material factor in the decision of Plaintiff and the Class Members to purchase the milk or the milk products.

77.   Due to its conduct alleged herein, Defendant's "organic" milk or milk products failed to conform to each of these warranties.

78.   As a result of Defendant's conduct, Plaintiff and the Class Members have been damaged.

79.   Within a reasonable time after Plaintiff and the Class Members knew or should have known of the failure to conform, Plaintiff, individually and on behalf of the Class, placed Defendant on notice thereof.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf all others similarly situated, respectfully requests that this Court enter a judgment against Defendant and in favor of Plaintiff, and grant the following relief:

CLASS ACTION COMPLAINT                - 22 -

1    A.    Determine that this action may be maintained as a class action with respect to a

2    national class or with subclasses corresponding to the several states' laws, or, in the alternative, a

3    California statewide class, pursuant to the appropriate subsections of Fed. R. Civ. P. 23; that the

4    court certify a class action with respect to particular issues if appropriate, and that the Court

5    designate and appoint Plaintiff and his counsel to serve as Class Representative and Class Counsel;

6    B.    Declare, adjudge and decree the conduct of the Defendant as alleged herein to be

7    unlawful;

8    C.    Grant Plaintiff and all Class Members awards of actual, compensatory, punitive

9    and/or exemplary damages in such amount to be determined at trial and as provided by applicable

10    law;

11    D.    Grant Plaintiff and all Class Members awards of statutory damages, attorney's fees

12    and costs pursuant to the various Consumer Protection Acts of the fifty states;

13    E.    Grant Plaintiff and the Class Members their costs of suit, including reasonable

14    attorneys' fees, and expenses as provided by law; and

15    F.    Grant Plaintiff and the Class Members such other, further, and different relief as the

16    nature of the case may require or as may be determined to be just, equitable, and proper by this

17    Court.

18    **DEMAND FOR TRIAL BY JURY**

19    Plaintiff, by counsel, requests a trial by jury on those causes of actions set forth herein.

20    DATED:  December 5, 2007              HAGENS BERMAN SOBOL SHAPIRO LLP

21

22    By _____

23                                         SHANA E. SCARLETT

24                                         715 Hearst Avenue, Suite 202
                                           Berkeley, CA  94710
25                                         Telephone: (510) 725-3000
                                           Facsimile: (510) 725-3001
26                                         shanas@hbsslaw.com

27

28

CLASS ACTION COMPLAINT                              - 23 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Elizabeth A. Fegan
HAGENS BERMAN SOBOL SHAPIRO LLP
820 North Boulevard, Suite B
Oak Park, IL 60301
Telephone: (708) 776-5600
Facsimile: (708) 776-5601
beth@hbsslaw.com

Attorneys for Plaintiff

CLASS ACTION COMPLAINT                    - 24 -