1   LATHAM & WATKINS LLP
    Viviann C. Stapp (Cal. Bar No. 233036)
2   505 Montgomery Street, Suite 2000
    Telephone: (415) 391-0600
3   Fax: (415) 395-8095
    Email: viviann.stapp@lw.com
4
    *Attorney for Defendant Safeway Inc.*
5

6                   UNITED STATES DISTRICT COURT

7                   NORTHERN DISTRICT OF CALIFORNIA

8                   SAN FRANCISCO DIVISION

9

10  SHAWN RILEY, individually and on behalf    )    No.  07-cv-06174-JCS
    of all others similarly situated,          )
11                                             )
                                    Plaintiff, )
12                                             )    DEFENDANT SAFEWAY
                                               )    INC.'S ANSWER AND
13                                             )    AFFIRMATIVE DEFENSES TO
                                               )    PLAINTIFF'S CLASS ACTION
14                                             )    COMPLAINT
            v.                                 )
15                                             )    Judge:    Hon. Joseph C. Spero
                                               )    Action Filed:  December 5, 2007
16                                             )    Trial Date:    None Set
                                               )
17                                             )
    SAFEWAY INC.,                              )
18                                             )
                                    Defendant. )
19  _____ )

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 07-cv-06174-JCS
DEF. SAFEWAY'S ANSWER AND AFF. DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT

1    Defendant Safeway Inc. ("Safeway" or "Defendant"), by its counsel, as its

2    Answer and Affirmative Defenses to the Class Action Complaint of Plaintiff Shawn Riley

3    ("Plaintiff"), states as follows:

4    1.    This class action and representative action seeks relief on behalf of Plaintiff and

5    the members of the Class for injuries sustained by them as a result of Safeway's deceptive

6    marketing of milk as organic when the milk is not, in fact, organic and Safeway's increase in

7    gross sales and sales price.

8    **ANSWER**:

9    Safeway admits that Plaintiff purports to seek relief on behalf of a proposed class

10   for Safeway's allegedly "deceptive" marketing and sale of organic milk.  Safeway denies that it

11   deceptively marketed or sold any of its organic milk.  Safeway further denies that class

12   certification is appropriate and expressly denies that any claims in this action are appropriate for

13   class treatment.  Safeway denies that Plaintiff, or anyone else, is entitled to any relief

14   whatsoever, including, but not limited to, the relief requested in Plaintiff's Complaint.  By way

15   of further response, Safeway affirmatively states that it purchases its organic milk from dairies

16   whose products and operations are certified "USDA Organic" by one or more United States

17   Department of Agriculture ("USDA") accredited certifying agents, pursuant to the authority

18   vested in those agents by the USDA under the Organic Foods Production Act of 1990 ("OFPA")

19   and the National Organic Program ("NOP").  Except as expressly admitted, Safeway denies the

20   remaining allegations in Paragraph 1.

21   2.    During the Class Period, Defendant, which is one of the largest food and drug

22   retailers in North America, violated its duty to inform customers that the "O"-label organic milk

23   is not organic.  Defendant's nondisclosure of this material fact constitutes misrepresentation,

24   unfair, unlawful, fraudulent, and/or deceptive business practices in violation of California's

25   consumer protection laws.  The materiality of this information is proven directly by federal and

26   state regulations which, at all relevant times, required Defendant to inform consumers that milk

27   that [sic] were purchasing was not organic.  Defendant flagrantly violated and, in some cases,

28   continue [sic] to violate these regulations.

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 1 -

Case No. 07-cv-06174-JCS
DEF. SAFEWAY'S ANSWER AND AFF. DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT

1    **ANSWER**:

2    Safeway denies the allegations in Paragraph 2 and expressly denies committing

3    any misrepresentations or any "unfair, unlawful, fraudulent and/or deceptive business practices"

4    in California or anywhere else.  Safeway further denies that class certification is appropriate and

5    expressly denies that any claims in this action are appropriate for class treatment.  By way of

6    further response, Safeway affirmatively states that it purchases its organic milk from dairies

7    whose products and operations are certified "USDA Organic" by one or more USDA-accredited

8    certifying agents, pursuant to the authority vested in those agents by the USDA under the OFPA

9    and the NOP.

10    3.    As a result of Defendant's misbranding, concealment and nondisclosure,

11    customers are misled to purchase the organic milk and/or to pay a greater price than they would

12    otherwise pay.  Defendant has been unjustly enriched at the expense of these consumers.

13    **ANSWER**:

14    Safeway denies the allegations in Paragraph 3 and expressly denies that it

15    engaged in any "misbranding, concealment and nondisclosure" of its organic milk.

16    4.    This is a class action and a representative action brought by Plaintiff, who

17    purchased organic milk from, produced or distributed by Defendant in the State of California

18    during the Class Period.

19    **ANSWER**:

20    Safeway admits that Plaintiff purports to bring a class action and a representative

21    action on behalf of those "who purchased organic milk from, produced or distributed by Safeway

22    in California" during a defined "Class Period."  Safeway denies that class certification is

23    appropriate and expressly denies that any claims in this action are appropriate for class treatment.

24    Safeway further denies that it produces any of the organic milk its sells.  Except as expressly

25    admitted, Safeway denies the remaining allegations in Paragraph 4.

26    5.    The United States District Court for the Northern District of California has

27    diversity jurisdiction over this Class Action lawsuit pursuant to 28 U.S.C. § 1332 as amended by

28    the Class Action Fairness Act of 2005, because, upon information and belief, the amount in

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 2 -

Case No. 07-cv-06174-JCS
DEF. SAFEWAY'S ANSWER AND AFF. DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT

1  controversy exceeds $5,000,000, exclusive of interest and costs, and this lawsuit is a Class

2  Action in which some members of the Plaintiff Class are citizens of states different than

3  Defendant.  *See* 28 U.S.C. § 1332(d)(2)(A).

4  **ANSWER**:

5          Safeway admits that Plaintiff purports to assert jurisdiction pursuant to 28 U.S.C.

6  § 1332 as amended by the Class Action Fairness Act of 2005.  Safeway further admits that the

7  amount in controversy exceeds $5,000,000 and that jurisdiction would appear to exist under 28

8  U.S.C. § 1332(d)(2)(A).  Except as expressly admitted, Safeway denies the remaining allegations

9  in Paragraph 5.

10          6.      Safeway Inc. ("Safeway") is a Delaware corporation with its headquarters and

11  principal place of business in Pleasanton, California.  Considering that Plaintiff is a resident of

12  Illinois, there is minimal diversity amongst the parties.

13  **ANSWER**:

14          Safeway admits that it is a Delaware corporation with its headquarters and

15  principal place of business in Pleasanton, California.  Safeway is without knowledge or

16  information sufficient to form a belief as to the truth or falsity of the allegations contained in

17  Paragraph 6 regarding the residency of Plaintiff and, on that basis, denies them.  Except as

18  expressly admitted, Safeway denies the remaining allegations in Paragraph 6.

19          7.      Venue in this judicial district is proper under 28 U.S.C. §1391 because a

20  substantial part of the events or omissions giving rise to the claims herein described occurred

21  within this judicial district.

22  **ANSWER**:

23          Safeway admits that Plaintiff purports to assert that venue is proper under 28

24  U.S.C. § 1391.  Safeway denies that any "events or omissions giving rise to the claims herein

25  described" occurred in this judicial district or anywhere else.  Except as expressly admitted,

26  Safeway denies the remaining allegations in Paragraph 7.

27          8.      Intradistrict Assignment: Assignment to the San Francisco or Oakland division of

28  this Court is appropriate because Defendant's headquarters and principal place of business is in

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
SAN FRANCISCO

- 3 -

Case No. 07-cv-06174-JCS
DEF. SAFEWAY'S ANSWER AND AFF. DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT

1   Pleasanton, California.  Because this action arises in the county of Alameda, pursuant to

2   Northern District of California, Local Rule 3-2(d), assignment to either the San Francisco

3   Division or the Oakland Division is proper.

4   **ANSWER**:

5       Safeway admits that its headquarters and principal place of business are in

6   Pleasanton, California.  The remaining allegations in Paragraph 8 are legal conclusions for which

7   no response is required.  Except as expressly admitted, Safeway denies the remaining allegations

8   in Paragraph 8.

9       9.      Plaintiff Shawn Riley is a resident of Cook County, Illinois and a citizen of the

10  State of Illinois.  Plaintiff purchased the store-brand organic milk from Defendant Safeway at its

11  Dominick's stores in the Chicago-area on numerous occasions throughout the class period.  This

12  milk was produced by Aurora Dairy Corp. and branded as a private label brand by Safeway.

13  Plaintiff utilized the organic milk produced and sold by Defendant for his own and his family's

14  own consumption.  Plaintiff decided to purchase "organic" milk, and indeed paid a premium

15  price for that "organic" milk, because he believed that it contained fewer additives and was

16  healthier for their consumption than non-organic milk.

17  **ANSWER**:

18      Safeway admits that some, but not all, of the organic milk that it sells is supplied

19  by Aurora Dairy Corporation ("Aurora").  Safeway is without knowledge or information

20  sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9

21  regarding Plaintiff, his purchasing decisions and his use of organic milk and, on that basis, denies

22  them.  Except as expressly admitted, Safeway denies the remaining allegations in Paragraph 9.

23      10.     Safeway is a Delaware corporation with its principal place of business in

24  Pleasanton, California.  Safeway is one of the largest food and drug retailers in North America.

25  As of September 8, 2007, the company operated 1,738 stores in the Western, Southwestern,

26  Rocky Mountain, and Mid-Atlantic regions of the United States and in western Canada.

27

28

1    **ANSWER**:

2            Safeway admits the allegations in Paragraph 10.

3            11.    Safeway sold its "organic" milk to Plaintiff and the Class under its store "O"

4    brand.  The "organic" milk was contained in cartons that specifically represented that the milk

5    was certified organic milk, despite the fact that it was not organic.  Aurora labels its purportedly

6    organic milk with an organic certified label.  This label is supposed to assure consumers that

7    Aurora's milk complies with the Organic Foods Production Act of 1990 (7 U.S.C. § 6501, *et*

8    *seq*.) and its implementing regulations (7 C.F.R. Part 205).  Plaintiff and the Class Members they

9    represent pay premium prices for Safeway's "organic" milk.

10   **ANSWER**:

11           The OFPA (7 U.S.C. 6501, et seq.) and the NOP regulations (7 C.F.R. Part 205, et

12   seq.) speak for themselves, and to the extent that the allegations in Paragraph 11 vary therewith,

13   Safeway denies those allegations.  The "cartons" referred to in Paragraph 11 further speak for

14   themselves, and to the extent that the allegations in Paragraph 11 vary therewith, Safeway denies

15   those allegations.  Safeway admits that some, but not all, of the organic milk it sells is supplied

16   by Aurora.  Safeway further admits that Aurora represents that its milk is "USDA Organic"

17   because it is, and has been at all times relevant hereto, certified organic by two certifying agents

18   -- the Colorado Department of Agriculture ("CDA") and Quality Assurance International

19   ("QAI") -- acting pursuant to the authority vested in them by the USDA under the OFPA and the

20   NOP.  Safeway is without knowledge or information sufficient to form a belief as to the truth or

21   falsity of the allegations contained in Paragraph 11 regarding Plaintiff and, on that basis, denies

22   them.  Except as expressly admitted, Safeway denies the remaining allegations in Paragraph 11

23   and expressly denies that class treatment is appropriate.

24           12.    Safeway is and has been selling milk or milk products that it represents to be

25   "organic," when, in fact, the milk is not organic throughout the time period of December 5, 2003

26   through October 15, 2007 ("class period" or "relevant time period").  Safeway sells this milk to

27   consumers directly using its own brand name "O."

28

1  **ANSWER**:

2        Safeway denies that it has sold "milk or milk products that it represents to be

3  'organic' when, in fact, the milk is not organic."  Safeway admits that it sells its organic milk

4  with the label "USDA Organic" because it purchases its organic milk from dairies whose

5  products and operations are certified "USDA Organic" by one or more USDA-accredited

6  certifying agents, pursuant to the authority vested in those agents by the USDA under the OFPA

7  and the NOP.  Except as expressly admitted, Safeway denies the remaining allegations in

8  Paragraph 12 and expressly denies that class treatment is appropriate.

9        13.    The market for organic milk has boomed in recent years.  According to the United

10  States Department of Agriculture ("USDA"), total milk or milk products production in the

11  United States in 2004 was 170 billion pounds.  Fluid milk or milk products sales since 1975 have

12  been steady at approximately $11 billion per year.  Currently, organic fluid milk or milk products

13  sales represent about 18% of overall sales.  In 2005, total organic dairy sales were approximately

14  $2 billion.  The organic dairy sector is annually growing at an approximate rate of 16%.

15  **ANSWER**:

16        Safeway is without knowledge or information sufficient to form a belief as to the

17  truth or falsity of the allegations contained in Paragraph 13 and, on that basis, denies them.

18  Except as expressly admitted, Safeway denies the remaining allegations in Paragraph 13.

19        14.    Consumers rely on manufacturers and sellers of milk or milk products to

20  determine what milk is in fact organic.  As Aurora Dairy, from which Safeway obtained the milk

21  labeled under its "O" brand, expressly recognizes, "Organic certification is the public's

22  assurance that products have been grown and handled according to strict procedures without

23  persistent toxic chemical inputs."

24  http://www.auroraorganic.com/aodweb/site/ítemcontent.aspx?icategoryid=6.

25  **ANSWER**:

26        The material from Aurora's website speaks for itself, and to the extent that the

27  allegations in Paragraph 14 vary therewith, Safeway denies those allegations.  Safeway admits

28  that some, but not all, of the organic milk it sells is supplied by Aurora.  Safeway is without

1   knowledge or information sufficient to form a belief as to the truth or falsity of the allegations

2   contained in Paragraph 14 regarding on what Plaintiff or others "rely" and, on that basis, denies

3   them.  Except as expressly admitted, Safeway denies the remaining allegations in Paragraph 14.

4        15.    The USDA has set forth four requirements that must be satisfied for milk to be

5   labeled as "USDA Organic": (a) the milk must not come from cows that have been treated with

6   Bovine Growth Hormone; (b) the milk must not come from cows that have been treated with

7   antibiotics; (c) the milk producing cows must only eat feed that has been grown without

8   pesticides; and (d) the milk must come from cows that have some "access to pasture."

9   **ANSWER**:

10        The requirements for organic production detailed in the OFPA (7 U.S.C. 6501, <u>et</u>

11   <u>seq.</u>) and the NOP regulations (7 C.F.R. Part 205, <u>et</u> <u>seq.</u>) speak for themselves, and to the extent

12   that the allegations in Paragraph 15 vary therewith, Safeway denies those allegations.  Except as

13   expressly admitted, Safeway denies the remaining allegations in Paragraph 15.

14        16.    In order to sell or label an agricultural product as organically produced, the

15   product must be produced and handled in compliance with the Organic Foods Production Act of

16   1990 ("OFPA"), *see* 7 U.S.C. 6505(a)(1)(A), and the USDA adopted regulations, *see* 7 C.F.R.

17   Part 205, *et seq.*

18   **ANSWER**:

19        The requirements for organic production detailed in the OFPA (7 U.S.C. 6501, <u>et</u>

20   <u>seq.</u>) and the NOP regulations (7 C.F.R. Part 205, <u>et</u> <u>seq.</u>) speak for themselves, and to the extent

21   that the allegations in Paragraph 16 vary therewith, Safeway denies those allegations.  Except as

22   expressly admitted, Safeway denies the remaining allegations in Paragraph 16.

23        17.    By marketing, selling, or otherwise representing that its milk was "organic,"

24   Safeway represented that the milk abides by these laws and regulations and that the milk is

25   "organic."

26   **ANSWER**:

27        Safeway admits that it sells its organic milk with the label "USDA Organic"

28   because it purchases its organic milk from dairies whose products and operations are certified

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 7 -

Case No. 07-cv-06174-JCS
DEF. SAFEWAY'S ANSWER AND AFF. DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT

1   "USDA Organic" by one or more USDA-accredited certifying agents, pursuant to the authority

2   vested in those agents by the USDA under the OFPA and the NOP.  Except as expressly

3   admitted, Safeway denies the remaining allegations in Paragraph 17.

4       18.    Specifically, Safeway included labels on its "O" brand milk that stated, in whole

5   or in part, as follows:

6           **Description :**
            Organic Fat Free Milk
7           **Ingredients :**
            Organic Grade A Fat Free Milk, Vitamin A Palmitate, Vitamin D3.
8           **Product Attribute :**
            Organic
9           Kosher
            Fat Free
10

11          **Product Details :**
            Ultra-Pasteurized Vitamins A & D added.  USDA Organic.  Grade
12          A: Ultra-Pasteurized: Homogenized.  Organic from the Source.
            There's a lot that goes into a good glass of milk.  It starts with the
13          land.  Our daily pastures are environmentally friendly, maintained
            with the use of recognized organic horticultural practices.  The
14          dairy cows that produce O Organics Milk enjoy a healthy mix of
            fresh air, plenty of exercise, clean drinking water and a wholesome
15          100% certified organic diet - and they are not given growth
            hormones or treated with antibiotics.  All of these practices support
16          sustainable farming, which is good for the environment, good for
            the cows and good for the milk.  That's why our O Organics Milk
17          tastes like milk should, fresh and pure.  To be certified organic,
            dairy cows must be managed under organic livestock practices at
18          least one year before milking.  Their feed must be grown on land
            that has been under organic cultivation practices for a minimum of
19          three years.  Certified Organic

20  **ANSWER**:

21          The labels referred to in Paragraph 18 speak for themselves, and to the extent that

22  the allegations in Paragraph 18 vary therewith, Safeway denies those allegations.  Except as

23  expressly admitted, Safeway denies the remaining allegations in Paragraph 18.

24      19.    On the carton of Safeway's O Organics Milk is the following statement:

25                          ORGANICS

26          *Organic from the Source*

27          There's a lot that goes into a good glass of milk.  It starts with the
            land.  Our dairy pastures are environmentally friendly, maintained
28          with the use of recognized organic horticultural practices.  The
            dairy cows that produce O Organics Milk enjoy a healthy mix of

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO
- 8 -
Case No. 07-cv-06174-JCS
DEF. SAFEWAY'S ANSWER AND AFF. DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT

fresh air, plenty of exercise, clean drinking water and a wholesome, 100% certified organic diet – and they are not given growth hormones or treated with antibiotics.

_____

All of these practices support sustainable farming, which is good for the environment, good for the cows and good for the milk. That's why our O Organics Milk tastes like milk should – fresh and pure.

The carton also states:

ORGANICS

organic

Fat Free Milk

Vitamins A & D Added

Grade A • Pasteurized • Homogonized [sic]

"To be certified organic, dairy cows, must be managed under organic

livestock practices at least on eyear [sic] before milking.  Their feed must

be grown on land that has been under organic cultivation practices

for a minimum of three years."

**ANSWER**:

The carton referred to in Paragraph 19 speaks for itself, and to the extent that the

allegations in Paragraph 19 vary therewith, Safeway denies those allegations.  Except as

expressly admitted, Safeway denies the remaining allegations in Paragraph 19.

20.    However, Safeway's milk was not organic according to Federal law.  In fact,

Safeway's "organic" milk was produced in large scale factory farms and otherwise failed to

comport with Federal law and thus should not have been certified organic.

**ANSWER**:

Safeway denies its milk was not organic according to "Federal law."  "Federal

law" speaks for itself, and to the extent that the allegations in Paragraph 20 vary therewith,

Safeway denies those allegations.  Except as expressly admitted, Safeway denies the remaining

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO
- 9 -
Case No. 07-cv-06174-JCS
DEF. SAFEWAY'S ANSWER AND AFF. DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT

1  allegations in Paragraph 20.

2       21.    By marketing, selling, or otherwise representing that its milk was "organic,"

3  Costco represented that the milk abides by the laws and regulations requiring certain conditions

4  be met before the milk is labeled "organic."

5  **ANSWER**:

6             Safeway is without knowledge or information sufficient to form a belief as to the

7  truth or falsity of the allegations contained in Paragraph 21 regarding Costco and, on that basis,

8  denies them.  Except as expressly admitted, Safeway denies the remaining allegations in

9  Paragraph 21.

10      22.    Aurora was formed by the former owners of Horizon, who sold Horizon to Dean

11  Foods.  The sale left Aurora with thousands of milk cows.  Aurora then started its Colorado

12  operation which produces 10 million gallons of milk a year.  It is in essence a factory-farm

13  model, there is no opportunity for cows to graze, as depicted below:

14             [image]

15  **ANSWER**:

16             Safeway is without knowledge or information sufficient to form a belief as to the

17  truth or falsity of the allegations concerning the formation of Aurora or of the "Colorado

18  operation" contained in Paragraph 22 and, on that basis, denies them.  By way of further

19  response, Safeway affirmatively states that Aurora is, and has been at all times relevant hereto,

20  certified organic by two certifying agents -- CDA and QAI -- acting pursuant to the authority

21  vested in them by the USDA under the OFPA and the NOP.  Except as expressly admitted,

22  Safeway denies the remaining allegations in Paragraph 22.

23      23.    Aurora's primary business is selling milk for use in the private-label milk market

24  for Safeway, Costco, Wild Oats and others.

25  **ANSWER**:

26             Safeway is without knowledge or information sufficient to form a belief as to the

27  truth or falsity of the allegations concerning Aurora's "primary business" in Paragraph 23 and,

28  on that basis, denies them.  Safeway admits that some, but not all, of the organic milk that it sells

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
- 10 -
Case No. 07-cv-06174-JCS
DEF. SAFEWAY'S ANSWER AND AFF. DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT

1   is supplied by Aurora.  Except as expressly admitted, Safeway denies the remaining allegations

2   in Paragraph 23.

3   　　　24.　　However, Aurora's milk was not organic according to Federal law.  In fact,

4   Aurora's "organic" milk was produced in large scale factory farms and otherwise failed to

5   comport with Federal law.

6   **ANSWER**:

7   　　　Safeway denies the allegations in Paragraph 24.  By way of further response,

8   Safeway affirmatively states that Aurora is, and has been at all times relevant hereto, certified

9   organic by two certifying agents -- CDA and QAI -- acting pursuant to the authority vested in

10  them by the USDA under the OFPA and the NOP.

11  　　　25.　　On March 7, 2007, the USDA identified the following "violations by Aurora

12  Organic Dairy," from which Safeway obtained the milk Safeway sold under its own labels, of

13  federal law:

14  　　　　　a.　　From 2003 through 2006, for dairy animals at its Platteville, Colorado

15  facility, Aurora failed to provide a total feed ration that included pasture, failed to establish and

16  maintain pasture conditions appropriate for minimizing the occurrence and spread of diseases

17  and parasites, and failed to establish and maintain access to pasture, in willful violation of 7

18  C.F.R. §§ 205.237(a), 205.238(a)(3), and 205.239(a)(2);

19  　　　　　b.　　During the spring and early summer of 2006, Aurora entered conventional

20  dairy animals into organic milk or milk products production at its Dublin, Texas facility before

21  those animals completed the required one-year period of continuous organic management, in

22  willful violation of 7 C.F.R. § 205.236(a)(2);

23  　　　　　c.　　From 2003 through 2006, Aurora purchased for its Platteville facility,

24  from Promiseland Livestock in Falcon, Missouri, dairy animals that had been converted from

25  conventional to organic milk or milk products production, and thus had not been under

26  continuous organic management from at least the last third of gestation, in willful violation of 7

27  C.F.R. § 205.236(a)(2)(iii);

28  　　　　　d.　　From on or about July 10, 2004 through on or about September 28, 2005,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
- 11 -
Case No. 07-cv-06174-JCS
DEF. SAFEWAY'S ANSWER AND AFF. DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT

1  Aurora moved organic dairy animals from its certified Platteville facility to Wells Ranch in Gill,

2  Colorado, a non-organic (non-certified) livestock operation for management, and thereafter

3  returned them to the Platteville facility for organic dairy production, in willful violation of 7

4  C.F.R. § 205.236(b)(1);

5          e.      From February 2005 through March 2006, Aurora moved organic calves

6  from its certified Platteville facility to non-organic (non-certified) livestock operations for

7  management, and eventually returned them to the Platteville facility for organic dairy production,

8  in willful violation of 7 C.F.R. §§ 205.236(a)(2)(iii) and 205.236(b)(1);

9          f.      From 2003 through 2006, Aurora used non-organic agricultural products,

10 such as wheat straw and corn stalks, as bedding for organic dairy animals at its Platteville

11 facility, in willful violation of 7 C.F.R. § 205.239(a)(3);

12         g.      From on or about July 27, 2004 through on or about September 30, 2005,

13 Aurora routinely caused organic dairy animals from Promiseland Livestock, a certified organic

14 dairy, to be delivered to Wells Ranch, a non-organic livestock operation, for livestock

15 management, before having them delivered to Aurora's Platteville facility for organic dairy

16 production, in willful violation of 7 C.F.R. § 205.236(b)(1);

17         h.      From December 5, 2003 through at least September 7, 2007, Aurora sold,

18 labeled and represented its milk or milk products as being organically produced when such milk

19 or milk products were not produced and handled in accordance with the National Organic

20 Program regulations, in willful violation of 7 C.F.R. §§ 205.102, 205.200 and 205.400(a);

21         i.      From on or about October 29, 2003 through on or about March 9, 2006,

22 Aurora failed to notify its certifying agent immediately concerning changes to the operation of its

23 Platteville facility regarding the termination an utilization of off-site facilities, such as Wells

24 Ranch, contracted by Aurora to provide pasture and/or livestock management services, in willful

25 violation of 7 C.F.R. § 205.400(f)(2);

26         j.      Aurora failed to include a summary statement, supported by

27 documentation, in the December 29, 2004 and December 28, 2005 Organic System Plans for its

28 Platteville facility that detailed changes to the previous year's Organic System Plan regarding the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
                        - 12 -                    Case No. 07-cv-06174-JCS
                                                  DEF. SAFEWAY'S ANSWER AND AFF. DEFENSES
                                                  TO PLAINTIFF'S CLASS ACTION COMPLAINT

1  termination and utilization of off-site facilities, such as Wells Ranch, contracted by Aurora to

2  provide pasture and/or livestock management services, in willful violation of 7 C.F.R. §

3  205.406(a)(1)(i);

4          k.      From 2004 through 2006, Aurora failed to maintain adequate records that

5  disclosed all activities and transaction in sufficient detail as to be readily understood and audited

6  to demonstrate compliance with the OFPA and the National Organic Program regulations

7  concerning pasture arrangements with operations identified by Aurora in its annual Organic

8  System Plan for its Platteville facility, in willful violation of 7 C.F.R. § 205.103(b);

9          l.      In the October 29, 2003 and December 29, 2004 Organic System Plans for

10  its Platteville facility, Aurora failed to include a full description of the practices and procedures

11  to be performed by Wells Ranch, in willful violation of 7 C.F.R. § 205.201(a)(1);

12          m.      In the December 28, 2005 Organic System Plan for its Platteville facility,

13  Aurora failed to include a full description of the practices and procedures to be performed by

14  Matsude Farms, Salazar, Cockroft Dairy Farm, and Ray-Glo Dairy, as at its Woodward facility,

15  in willful violation of 7 C.F.R. § 205.201(a)(1); and

16          n.      In the October 29, 2003, December 29, 2004, and December 28, 2005

17  Organic System Plans for its Platteville facility, Aurora failed to include a full description of the

18  monitoring practices and procedures to be performed and maintained to verify that its Organic

19  System Plans were effectively implemented with respect to off-site operations contracted by

20  Aurora to provide pasture and/or livestock management services, in willful violation of 7 C.F.R.

21  § 205.201(a)(3).

22  **ANSWER**:

23          Safeway does not answer for Aurora, who has not been named in this action.

24  Safeway denies the allegations in Paragraph 25.

25          26.      On August 23, 2007, Aurora entered into a Consent Agreement with the USDA.

26  This Consent Agreement contained a stipulation for probation.  The USDA found that Aurora

27  had not been in compliance with the federal organic food regulations, and placed it on a one year

28  probationary period.  The Consent Agreement provided that Aurora was required to remove

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
- 13 -
Case No. 07-cv-06174-JCS
DEF. SAFEWAY'S ANSWER AND AFF. DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT

1   organic dairy animals "currently present at Platteville that transitioned under the 80/20' rule"

2   from the plant, and instructed that such animals could only be utilized as conventional animals,

3   not certified organic animals.  Finally, the Consent Agreement also requires Aurora to address all

4   issues that were raised in the Notice of Proposed Revocation in order for its organic certification

5   not to be revoked.

6   **ANSWER**:

7        Safeway does not answer for Aurora, who has not been named in this action.  The

8   Consent Agreement speaks for itself, and to the extent that the allegations in Paragraph 26 vary

9   therewith, Safeway denies those allegations.  Except as expressly admitted, Safeway denies the

10  remaining allegations in Paragraph 26.

11       27.   Safeway violated, and continues to violate federal and state law (including the

12  applicable regulations by selling its milk as "organic." By mislabeling the milk, Safeway has

13  misled, and continues to mislead Plaintiff and the Class Members into paying a higher price for

14  milk that cannot be sold as "organic."

15  **ANSWER**:

16       Safeway denies the allegations in Paragraph 27 and expressly denies that class

17  treatment is appropriate.

18       28.   The milk that Safeway sold was not organic, despite Defendant's

19  misrepresentations that the milk was, in fact, organic; in that Aurora and thus Safeway had failed

20  to comply with the requirements of the OFPA.  *See* 7 C.F.R. § 205.102, *et seq*., in at least the

21  following ways:

22       a.   Safeway represented its milk or milk products as "organic" when, in fact,

23  they were not, in willful violation of 7 C.F.R. § 205.102;

24       b.   Aurora failed to maintain records concerning the production and handling

25  of milk or milk products intended to be sold, labeled, or represented as "organic" in a manner

26  which fully disclosed all activities and transactions of the certified operation in sufficient detail

27  as to be readily understood and audited, in willful violation of 7 C.F.R. § 205.103(b);

28       c.   Aurora failed to provide its dairy cows with access to land used for

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 14 -

Case No. 07-cv-06174-JCS
DEF. SAFEWAY'S ANSWER AND AFF. DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT

1    livestock grazing that it managed to provide feed value as required by 7 C.F.R. §205.200;

2              d.      Aurora, intending to sell, label or represent milk or milk products as

3    "organic," failed to comply with the applicable provisions of 7 C.F.R. § 205.200;

4              e.      Aurora failed to maintain an accurate organic production or handling

5    system that includes a description of practices and procedures to be performed and maintained,

6    including the frequency with which they will be performed, in willful violation of 7 C.F.R.

7    §205.201(a)(1);

8              f.      Aurora failed to maintain an accurate organic production or handling

9    system that included a description of the monitoring practices and procedures to be performed

10   and maintained, including the frequency with which they will be performed, to verify that the

11   plan is effectively implemented, in willful violation of 7 C.F.R. § 205.201(a)(3);

12             g.      Aurora, after an entire, distinct herd had been converted to organic

13   production, failed to maintain all cows under organic management from the last third of

14   gestation, in willful violation of 7 C.F.R. §205.236(a)(2)(iii);

15             h.      Aurora removed its dairy cows from an organic operation and

16   subsequently managed those cows on a non-organic (non-certified) operation before being sold,

17   labeled, or represented as organically produced, in willful violation of 7 C.F.R. § 206.236(b)(1);

18             i.      Aurora failed to provide its dairy cows with a total fee ration composed of

19   agricultural products, including pasture and forage, that are organically produced and, where

20   applicable, organically handled, in willful violation of 7 C.F.R. 205.238(a)(3);

21             j.      Aurora failed to establish and maintain living conditions for its dairy cows

22   which accommodate their health and natural behavior, in willful violation of 7 C.F.R. §

23   205.239(a);

24             k.      Aurora failed to establish appropriate housing, pasture conditions, and

25   sanitation practices for its dairy cows to minimize the occurrence and spread of diseases and

26   parasites, in willful violation of 7 C.F.R. § 205.238(a)(3);

27             l.      Aurora failed to provide its dairy cows with suitable access to the

28   outdoors, shade, shelter, exercise areas, fresh air, and direct sunlight in willful violation of 7

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
- 15 -
Case No. 07-cv-06174-JCS
DEF. SAFEWAY'S ANSWER AND AFF. DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT

1    C.F.R. § 205.239(a)(1);

2            m.    Aurora failed to provide its dairy cows with access to pasture in willful

3    violation of 7 C.F.R. § 205.239(a)(2);

4            n.    Aurora failed to provide its dairy cows with appropriate clean, dry

5    bedding, which complies with the feed requirements of § 205.237, in willful violation of 7

6    C.F.R. § 205.239(a)(3);

7            o.    Aurora failed to provide shelter designed to allow for its dairy cows'

8    natural maintenance, comfort behaviors, and the opportunity to exercise, as required by federal

9    regulation;

10           p.    Aurora failed to comply with the Organic Food Production Act of 1990

11   and applicable organic production and handling regulations of 7 C.F.R. § 205.400(a);

12           q.    Aurora failed to immediately notify its certifying agent concerning the

13   application of a prohibited substance to its dairy cows, in willful violation of 7 C.F.R.

14   § 205.400(f)(2); and

15           r.    Aurora failed to submit to its certifying agent an updated organic

16   production or handling system plan that included a summary statement, supported by

17   documentation, detailing deviations from, changes to, modifications to, or other amendments

18   made to the previous year's organic system plan during the previous year in willful violation of 7

19   C.F.R. § 205.406(a)(1)(i).

20   **ANSWER**:

21           Safeway does not answer for Aurora, who has not been named in this action.

22   Safeway denies the allegations in Paragraph 28.

23           29.    Defendant Safeway failed to conduct its own inspections and oversight to

24   determine whether Aurora was complying with the laws and/or ignored Aurora's flagrant

25   violations.  Its representations about cows having a "healthy mix of fresh air, plenty of exercise,"

26   were blatantly false.  Thus, despite the violations of federal law and regulations, Safeway

27   marketed and sold the milk or milk products under the "O" brand representing that the milk was

28   organic, when it was not.  Defendant's conduct deceived Plaintiff and the Class Members into

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
- 16 -
Case No. 07-cv-06174-JCS
DEF. SAFEWAY'S ANSWER AND AFF. DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT

1    believing that they were purchasing organic milk when they were not.

2    **ANSWER**:

3            Safeway admits that it markets and sells its organic milk with the label "USDA

4    Organic" because it purchases its organic milk from dairies whose products and operations are

5    certified "USDA Organic" by one or more USDA-accredited certifying agents, pursuant to the

6    authority vested in those agents by the USDA under the OFPA and the NOP.  By way of further

7    response, Safeway affirmatively states that some, but not all, of the organic milk it sells is

8    supplied by Aurora.  Except as expressly admitted, Safeway denies the remaining allegations in

9    Paragraph 29 and expressly denies that class treatment is appropriate.

10           30.     Thus, Safeway directly misrepresented to Plaintiff and the Class Members that the

11   "organic" milk it sold under its own label was certified organic, when it was not.  Again, Plaintiff

12   and the Class Members would not have purchased Safeway's milk, and paid the premium for

13   Safeway's milk had they known that Safeway's milk was, in fact non-organic.

14   **ANSWER**:

15           Safeway denies making any misrepresentations whatsoever regarding the

16   certification of its organic milk to Plaintiff or anyone else.  Safeway is without knowledge or

17   information sufficient to form a belief as to the truth or falsity of the allegations contained in the

18   second sentence of Paragraph 30 and, on that basis, denies them.   By way of further response,

19   Safeway affirmatively states that it sells its organic milk with the label "USDA Organic" because

20   it purchases its organic milk from dairies whose products and operations are certified "USDA

21   Organic" by one or more USDA-accredited certifying agents, pursuant to the authority vested in

22   those agents by the USDA under the OFPA and the NOP.  Except as expressly admitted,

23   Safeway denies the remaining allegations in Paragraph 30 and expressly denies that class

24   treatment is appropriate.

25           31.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff seeks

26   certification of a national Consumer Class (with the designation of statewide subclasses if the

27   Court deems necessary and appropriate) defined as follows:

28           All persons in the United States who purchased organic milk or

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 17 -

Case No. 07-cv-06174-JCS
DEF. SAFEWAY'S ANSWER AND AFF. DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT

1    milk products from Safeway.

2    Should this court determine that a national Consumer Class would not satisfy the applicable

3    requisites for class certification, Plaintiff alternatively seeks certification of a statewide class,

4    defined as:

5    All consumer residents and/or domiciliaries of California who

6    purchased organic milk or milk products from Safeway.

7    **ANSWER**:

8    Safeway admits that Plaintiff purports to seek certification of a "national

9    Consumer Class" pursuant to Rule 23 of the Federal Rules of Civil Procedure. Safeway further

10    admits that Plaintiff alternatively purports to seek certification of a California statewide class.

11    Safeway denies that class certification of any kind is appropriate and expressly denies that any

12    claims in this action are appropriate for class treatment. Safeway further denies the

13    appropriateness of the definitions and descriptions of the proposed classes. Except as expressly

14    admitted, Safeway denies the remaining allegations in Paragraph 31.

15    32.    Plaintiff is informed and believes that the Class consists of many thousands of

16    persons throughout the United States, making individual joinder of all Class Members

17    impracticable.

18    **ANSWER**:

19    Safeway denies the allegations in Paragraph 32 and expressly denies that class

20    treatment is appropriate.

21    33.    Questions of law and fact are common to the Plaintiff Class and predominate over

22    questions affecting only individual member, including, *inter alia*, the following:

23    a.    Whether the alleged conduct by Defendant violated laws as alleged in this

24    Complaint;

25    b.    Whether Defendant engaged in unfair, unlawful and/or fraudulent business

26    practices by failing to disclose that the milk labeled as organic milk was not organic;

27    c.    Whether Defendant violated federal and/or state regulations by failing to

28    disclose that the milk labeled as organic milk was not organic;

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 18 -

Case No. 07-cv-06174-JCS
DEF. SAFEWAY'S ANSWER AND AFF. DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT

1         d.     Whether Plaintiff and the members of the Class were unconscionably

2    induced into purchasing organic milk without adequate disclosures that the milk was not organic;

3         e.     Whether Defendant violated California law, including the Unfair

4    Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq*., §§ 17500, *et seq*., and/or

5    California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq*.;

6         f.     Whether Defendant made misrepresentations to Plaintiff and the members

7    of the Class about milk labeled as organic;

8         g.     Whether Plaintiff and the members of the Class are entitled to equitable

9    and/or injunctive relief;

10         h.     Whether Defendant's unlawful, unfair and/or deceptive practices harmed

11    Plaintiff and the members of the Class; and

12         i.     Whether Defendant was unjustly enriched by its deceptive practices.

13    **ANSWER**:

14         Safeway denies the allegations in Paragraph 33 and expressly denies that class

15    treatment is appropriate.

16         34.     Plaintiffs [sic] claims are typical of the claims of the Class Members as described

17    above; the claims arise form the same course of conduct by Safeway and the relief sought is

18    common.

19    **ANSWER**:

20         Safeway denies the allegations in Paragraph 34 and expressly denies that class

21    treatment is appropriate.

22         35.     Plaintiff will fairly and adequately represent and protect the interests of all Class

23    Members.  Plaintiff is represented by counsel competent and experienced in both consumer

24    protection and class action litigation.

25    **ANSWER**:

26         Safeway is without knowledge or information sufficient to form a belief as to the

27    truth or falsity of the allegations contained in Paragraph 35 regarding Plaintiff and his counsel

28    and, on that basis, denies them.  Except as expressly admitted, Safeway denies the remaining

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 19 -

Case No. 07-cv-06174-JCS
DEF. SAFEWAY'S ANSWER AND AFF. DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT

1    allegations in Paragraph 35 and expressly denies that class treatment is appropriate.

2        36.    Class certification is proper under Fed. R. Civ. P. 23(b)(1)(A), because the

3    prosecution of separate actions by individual Class Members would create a risk of inconsistent

4    or varying adjudications with respect to individual Class Members and potentially establish

5    incompatible standards of conduct for Defendant.

6    **ANSWER**:

7            Safeway denies the allegations in Paragraph 36 and expressly denies that class

8    treatment is appropriate.

9        37.    Class certification is proper under Fed. R. Civ. P. 23(b)(1)(B) because the

10   prosecution of separate actions by individual Class Members would create a risk of adjudications

11   with respect to individual Class Members which would, as a practical matter, be dispositive of

12   the interest of the other members not parties to these adjudications and/or substantially impair

13   their ability to protect these interests.

14   **ANSWER**:

15           Safeway denies the allegations in Paragraph 37 and expressly denies that class

16   treatment is appropriate.

17       38.    Class certification is proper under Fed. R. Civ. P. 23(b)(3), because common issue

18   of law and fact predominate over any questions affecting only individual members of the Class,

19   and a class action is superior to other available methods for the fair and efficient adjudication of

20   this controversy.

21   **ANSWER**:

22           Safeway denies the allegations in Paragraph 38 and expressly denies that class

23   treatment is appropriate.

24       39.    A class action is superior to other methods for the fair and efficient adjudication

25   of this controversy, since joinder of all members is impracticable.  Furthermore, because the

26   economic damages suffered by the individual Class Members may be relatively modest, albeit

27   significant, compared to the expense and burden of individual litigation, it would be

28   impracticable for Class Members to seek redress individually for the wrongful conduct alleged

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 20 -

Case No. 07-cv-06174-JCS
DEF. SAFEWAY'S ANSWER AND AFF. DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT

1    herein.  There will be no difficulty in the management of this litigation as a class action.

2    **ANSWER**:

3              Safeway denies the allegations in Paragraph 39 and expressly denies that class

4    treatment is appropriate.

5

6                              **FIRST CAUSE OF ACTION**
                 **(California's Business & Professions Code §§ 17200, *et seq.*)**

7         40.    The preceding paragraphs of this Complaint are realleged and incorporated by

8    reference.  Plaintiff asserts this claim for violations of California's UCL, Bus. & Prof. Code

9    §§ 17200, *et seq.*, on behalf of himself and the members of the Class.

10   **ANSWER**:

11             Safeway repeats and realleges its answers to the preceding paragraphs as if fully

12   set forth herein.  Safeway admits that Plaintiff purports to assert this claim under California's

13   Business and Professions Code §§ 17200, et seq. on behalf of himself and the members of a

14   proposed class.  California's Business and Professions Code §§ 17200, et seq. speaks for itself,

15   and to the extent that the allegations in Paragraph 40 vary therewith, Safeway denies those

16   allegations.  Safeway expressly denies that it has committed any violations of the California

17   Business and Professions Code.  Except as expressly admitted, Safeway denies the remaining

18   allegations in Paragraph 40 and expressly denies that class treatment is appropriate.

19        41.    Defendant's statements and representations constitute "unfair" trade practices that

20   have the capacity to and do deceive consumers, in violation of the UCL.

21   **ANSWER**:

22             The UCL speaks for itself, and to the extent that the allegations in Paragraph 41

23   vary therewith, Safeway denies those allegations.  Safeway expressly denies engaging in any

24   "'unfair' trade practices" of any kind or deceiving consumers in California or anywhere else.

25   Except as expressly admitted, Safeway denies the allegations in Paragraph 41.

26        42.    All of the wrongful conduct alleged herein occurs and continues to occur in the

27   conduct of Defendant's business.  Defendant's wrongful conduct is part of a pattern or

28   generalized course of conduct that is repeated in the State of California (and throughout the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
                                    - 21 -                    Case No. 07-cv-06174-JCS
                                                             DEF. SAFEWAY'S ANSWER AND AFF. DEFENSES
                                                             TO PLAINTIFF'S CLASS ACTION COMPLAINT

1    United States) on thousands (if not tens of thousands) of occasions daily.

2    **ANSWER**:

3               Safeway denies the allegations in Paragraph 42 and expressly denies committing

4    any "wrongful conduct" in the State of California or anywhere else.

5        43.    As a proximate result of Defendant's wrongful conduct, Plaintiff, and the

6    members of the Class have sustained damages by paying a higher price for milk labeled as

7    organic that was not organic.

8    **ANSWER**:

9               Safeway denies the allegations in Paragraph 43 and expressly denies that class

10   treatment is appropriate.

11       44.    Plaintiff requests that this Court enter such orders or judgments as may be

12   necessary to restore to any person in interest any money which may have been acquired by

13   means of such unfair competition, as provided in Cal. Bus. & Prof. Code § 17203 and Cal. Civ.

14   Code § 3345, and for such other relief as set forth in the Prayer for Relief.

15   **ANSWER**:

16              California Business and Professions Code § 17203 and the California Civil Code

17   § 3345 speak for themselves, and to the extent that the allegations in Paragraph 44 vary

18   therewith, Safeway denies those allegations.  Safeway denies that Plaintiff, or anyone else, is

19   entitled to any relief whatsoever, including, but not limited to, the relief requested in Plaintiff's

20   Complaint.  Except as expressly admitted, Safeway denies the remaining allegations in

21   Paragraph 44.

22                    **SECOND CAUSE OF ACTION**
                      **VIOLATIONS OF THE CLRA**
23                    **(Cal. Civ. Code §§ 1750, *et seq.*)**

24       45.    The preceding paragraphs of this Complaint are realleged and incorporated by

25   reference.  Plaintiff asserts this claim for violations of the CLRA on behalf of himself and the

26   members of the Class.

27   **ANSWER**:

28              Safeway repeats and realleges its answers to the preceding paragraphs as if fully

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 22 -

Case No. 07-cv-06174-JCS
DEF. SAFEWAY'S ANSWER AND AFF. DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT

1   set forth herein.  Safeway admits that Plaintiff purports to assert this claim under California Civil

2   Code §§ 1750, et seq. on behalf of himself and the members of a proposed class.  California

3   Civil Code §§ 1750, et seq. speaks for itself, and to the extent that the allegations in Paragraph

4   45 vary therewith, Safeway denies those allegations.  Safeway expressly denies that it has

5   committed any violations of the CLRA.  Except as expressly admitted, Safeway denies the

6   remaining allegations in Paragraph 45 and expressly denies that class treatment is appropriate.

7          46.    Plaintiff and the members of the Class are consumers who purchase goods (food

8   products) from Defendant for personal, family, or household purposes.

9   **ANSWER**:

10          Safeway is without knowledge or information sufficient to form a belief as to the

11  truth or falsity of the allegations contained in Paragraph 46 and, on that basis, denies them.

12  Except as expressly admitted, Safeway denies the remaining allegations in Paragraph 46 and

13  expressly denies that class treatment is appropriate.

14         47.    Representing that goods (including food products) have approval, characteristics,

15  uses, or benefits which they do not have and advertising goods with intent not to sell them as

16  advertised constitute unfair or deceptive trade practices under the provisions of the CLRA, Cal.

17  Civ. Code §§ 1770(a)(5), (9), (14) and (17).

18  **ANSWER**:

19         California Civil Code §§ 1770(a)(5), (9), (14) and (17) speak for themselves, and

20  to the extent that the allegations in Paragraph 47 vary therewith, Safeway denies those

21  allegations.  Except as expressly admitted, Safeway denies the remaining allegations in

22  Paragraph 47.

23         48.    Plaintiff and the members of the Class have all been directly and proximately

24  injured by Defendant's conduct, and such injury includes the purchase of milk labeled as

25  organic, but which was not organic, that they would not have purchased were they truthfully and

26  fully informed of material facts concerning the fact that the milk was not organic.

27  **ANSWER**:

28         Safeway denies that Plaintiff or anyone else has been injured by "the purchase of

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 23 -

Case No. 07-cv-06174-JCS
DEF. SAFEWAY'S ANSWER AND AFF. DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT

1  milk labeled as organic" from Safeway and further denies that it has sold milk "labeled as

2  organic, but which was not organic."  Safeway is without knowledge or information sufficient to

3  form a belief as to the truth or falsity of the allegations concerning the purchasing decisions of

4  Plaintiff or anyone else contained in the second sentence of Paragraph 48 and, on that basis,

5  denies them.  Except as expressly admitted, Safeway denies the remaining allegations in

6  Paragraph 48 and expressly denies that class treatment is appropriate.

7        49.    Pursuant to Cal. Civ. Code § 1780(a), Plaintiff seeks an order enjoining

8  Defendant from engaging in the methods, acts, or practices alleged herein.  Pursuant to Cal. Civ.

9  Code § 1782, if Defendant does not rectify its illegal acts within 30 days, Plaintiff intends to

10  amend this complaint to add claims for: a) actual damages; b) restitution of money to Plaintiff

11  and class members; c) punitive damages; d) attorneys' fees and costs; and e) other relief that this

12  Court deems proper.

13  **ANSWER**:

14        Safeway admits that Plaintiff purports to seek, among other relief, an order

15  enjoining Safeway.  Safeway denies that Plaintiff, or anyone else, is entitled to any relief

16  whatsoever, including, but not limited to, the relief requested in Plaintiff's Complaint.  Safeway

17  further denies that Plaintiff has complied with California Civil Code § 1782.  Except as expressly

18  admitted, Safeway denies the remaining allegations in Paragraph 49 and expressly denies that

19  class treatment is appropriate.

20                  **THIRD CAUSE OF ACTION**
                 **FALSE AND MISLEADING ADVERTISING**
21                  **(Cal. Bus. & Prof. Code § 17500)**

22        50.    The preceding paragraphs of this Complaint are realleged and incorporated by

23  reference.  Plaintiff asserts this claim for violations of Cal. Bus. & Prof. Code § 17500 on behalf

24  of himself and the members of the Class.

25  **ANSWER**:

26        Safeway repeats and realleges its answers to the preceding paragraphs as if fully

27  set forth herein.  Safeway admits that Plaintiff purports to assert this claim under California

28  Business and Professions Code §§ 17500, et seq. on behalf of himself and the members of a

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
                        - 24 -                Case No. 07-cv-06174-JCS
                                    DEF. SAFEWAY'S ANSWER AND AFF. DEFENSES
                                    TO PLAINTIFF'S CLASS ACTION COMPLAINT

1  proposed class.  California Business and Professions Code §§ 17500, et seq. speaks for itself, and

2  to the extent that the allegations in Paragraph 50 vary therewith, Safeway denies those

3  allegations.  Safeway expressly denies that it has committed any violations of the California

4  Business and Professions Code.  Except as expressly admitted, Safeway denies the remaining

5  allegations in Paragraph 50 and expressly denies that class treatment is appropriate.

6       51.    In violation of Section 17500, in connection with its sales of non-organic milk,

7  Defendant made or disseminated statements which are untrue or misleading, and which

8  Defendant knew (or by the exercise of reasonable care should have known) to be untrue or

9  misleading.

10 **ANSWER**:

11       California Business and Professions Code § 17500 speaks for itself, and to the

12 extent that the allegations in Paragraph 51 vary therewith, Safeway denies those allegations.

13 Safeway denies making any "untrue or misleading" statements in California or anywhere else.

14 By way of further response, Safeway affirmatively states that it sells its organic milk with the

15 label "USDA Organic" because it purchases its organic milk from dairies whose products and

16 operations are certified "USDA Organic" by one or more USDA-accredited certifying agents,

17 pursuant to the authority vested in those agents by the USDA under the OFPA and the NOP.

18 Except as expressly admitted, Safeway denies the remaining allegations in Paragraph 51.

19       52.    As a result of the violations of California law alleged herein, Defendant has been,

20 and will be, unjustly enriched at the expense of Plaintiff, the members of the Class and the

21 general public.  Specifically, Defendant has been unjustly enriched by their receipt of monies

22 from consumers who purchased milk labeled organic that was not organic which is advertised

23 and/or otherwise marketed in this State, and is promoted and sold by Defendant through

24 advertising and marketing materials containing the false and misleading statements alleged

25 herein.

26 **ANSWER**:

27       Safeway denies that Plaintiff, or anyone else, is entitled to any relief whatsoever,

28 including, but not limited to, the relief requested in Plaintiff's Complaint.  Except as expressly

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
- 25 -
Case No. 07-cv-06174-JCS
DEF. SAFEWAY'S ANSWER AND AFF. DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT

1  admitted, Safeway denies the remaining allegations in Paragraph 52 and expressly denies that

2  class treatment is appropriate.

3       53.     Pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff requests that this Court

4  enter such orders or judgments as may be necessary to restore to any person in interest any

5  money which may have been acquired by means of such unfair competition, and for such other

6  relief as set forth below.

7  **ANSWER**:

8       Safeway denies that Plaintiff, or anyone else, is entitled to any relief whatsoever,

9  including, but not limited to, the relief requested in Plaintiff's Complaint.  Except as expressly

10  admitted, Safeway denies the remaining allegations in Paragraph 53 and expressly denies that

11  class treatment is appropriate.

12  **FOURTH CAUSE OF ACTION**<br>**NEGLIGENT MISREPRESENTATION**

13

14       54.     The preceding paragraphs of this Complaint are realleged and incorporated by

15  reference.  Plaintiff asserts this claim for negligent misrepresentation on behalf of himself and

the members of the Class.

16  **ANSWER**:

17

18       Safeway repeats and realleges its answers to the preceding paragraphs as if fully

19  set forth herein.  Safeway admits that Plaintiff purports to assert this claim for negligent

misrepresentation on behalf of himself and members of a proposed class.  Except as expressly

20  admitted, Safeway denies the remaining allegations in Paragraph 54 and expressly denies that

21  class treatment is appropriate.

22       55.     Defendant owed a duty to Plaintiff and members of the Class to exercise

23  reasonable case [sic] in making representations about organic milk.

24  **ANSWER**:

25       The allegations in Paragraph 55 are legal conclusions for which no answer is

26  required.  Except as expressly admitted, Safeway denies the remaining allegations in Paragraph

27  55 and expressly denies that class treatment is appropriate.

28

1    56.    These representations were negligently and recklessly made to potential

2    customers and the general public through uniform misbranding, concealment and non-disclosure,

3    through mass media and point-of-sale advertising, and through other information prepared or

4    disseminated by Defendant.  As a direct and proximate result of these misrepresentations,

5    omissions and concealment, Plaintiff and the Class members have been damaged in and amount

6    to be proven at trial.

7    **ANSWER**:

8        Safeway denies making any "negligent[] and reckless[]" statements to anyone in

9    California or anywhere else.  Safeway further denies that the Plaintiff, or anyone else, is entitled

10   to any relief whatsoever, including, but not limited to, the relief requested in Plaintiff's

11   Complaint.  By way of further response, Safeway affirmatively states that it sells its organic milk

12   with the label "USDA Organic" because it purchases its organic milk from dairies whose

13   products and operations are certified "USDA Organic" by one or more USDA-accredited

14   certifying agents, pursuant to the authority vested in those agents by the USDA under the OFPA

15   and the NOP.  Except as expressly admitted, Safeway denies the remaining allegations in

16   Paragraph 56 and expressly denies that class treatment is appropriate.

17   57.    Defendant at all times knew that Plaintiff and the Class members relied (or should

18   be presumed to have relied) upon the labeling and lack of labeling provided by Defendant, and

19   the materiality of such labeling is established as a matter of state and federal Law [sic].

20   Defendant's concealment, misbranding and non-disclosure were intended to influence

21   consumers' purchasing decisions and were done with reckless disregard for the rights of

22   consumers.  Plaintiff's and Class members' reliance was reasonably foreseeable by Defendant.

23   **ANSWER**:

24       Safeway denies that it engaged in any "concealment, misbranding and non-

25   disclosure" whatsoever of its organic milk.  The allegations in Paragraph 57 regarding "the

26   materiality" of Safeway's labeling are legal conclusions for which no answer is required.

27   Safeway is without knowledge or information sufficient to form a belief as to the truth or falsity

28   of the allegations contained in Paragraph 57 regarding on what Plaintiff or others "relied" and,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
- 27 -
Case No. 07-cv-06174-JCS
DEF. SAFEWAY'S ANSWER AND AFF. DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT

on that basis, denies them.  Except as expressly admitted, Safeway denies the remaining

allegations in Paragraph 57 and expressly denies that class treatment is appropriate.

## FIFTH CAUSE OF ACTION (IN THE ALTERNATIVE)
### DEFENDANT'S VIOLATION OF STATE CONSUMER PROTECTION ACTS

58.    Plaintiff incorporates by reference the preceding paragraphs as if they were fully

set forth herein.

**ANSWER**:

Safeway repeats and realleges its answers to the preceding paragraphs as if fully

set forth herein.

59.    Safeway had a statutory duty to refrain from unfair or deceptive acts or practices

in the manufacture, promotion and sale of "organic" milk.

**ANSWER**:

The allegations in Paragraph 59 are legal conclusions for which no answer is

required.  Safeway denies committing any "unfair or deceptive acts or practices" whatsoever in

the sale and promotion of its organic milk.  By way of further response, Safeway affirmatively

states that it sells its organic milk with the label "USDA Organic" because it purchases its

organic milk from dairies whose products and operations are certified "USDA Organic" by one

or more USDA-accredited certifying agents, pursuant to the authority vested in those agents by

the USDA under the OFPA and the NOP.  Safeway further denies that it "manufactures" the

organic milk it sells.  Except as expressly admitted, Safeway denies the remaining allegations in

Paragraph 59.

60.    Had Defendant not engaged in the deceptive conduct described above, Plaintiff

and the Class Members would not have purchased Safeway's "organic" milk.

**ANSWER**:

Safeway denies having engaged in any "deceptive conduct" whatsoever.  Safeway

is without knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations contained in Paragraph 60 regarding Plaintiff's and others' purchasing decisions and,

on that basis, denies them.  Except as expressly admitted, Safeway denies the remaining

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO
- 28 -
Case No. 07-cv-06174-JCS
DEF. SAFEWAY'S ANSWER AND AFF. DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT

1    allegations in Paragraph 60 and expressly denies that class treatment is appropriate.

2        61.    Plaintiff believes that California law should apply nationwide. However, if

3    California law does not apply, Defendant's deceptive, unconscionable and/or fraudulent

4    representations and material omissions to consumers and the public, including Plaintiff and the

5    Class Members, constituted unfair and deceptive acts and practices in violation of the state

6    consumer protection statutes listed below:

7        a.    Defendant has engaged in unfair competition or unfair or deceptive acts or

8    practices in violation of Ala. Code §§ 8-19-1, *et seq.*;

9        b.    Defendant has engaged in unfair competition or unfair or deceptive acts or

10    practices in violation of Alaska Stat. §§ 45.50471, *et seq.*;

11        c.    Defendant has engaged in unfair competition or unfair or deceptive acts or

12    practices in violation of Ariz. Rev. Stat §§ 44-1522, *et seq.*;

13        d.    Defendant has engaged in unfair competition or unfair or deceptive acts or

14    practices in violation of Ark. Code §§ 4-88-101, *et seq.*;

15        e.    Defendant has engaged in unfair competition or unfair or deceptive acts or

16    practices in violation of Cal. Civ. Code §§ 1770, *et seq.* and Cal Bus. & Prof. Code §§ 17200, *et*

17    *seq.*;

18        f.    Defendant has engaged in unfair competition or unfair or deceptive acts or

19    practices in violation of Colo. Rev. Stat. §§ 6-1-105, *et seq.*;

20        g.    Defendant has engaged in unfair competition or unfair or deceptive acts or

21    practices in violation of Conn. Gen. Stat. §§ 2-1 10a, *et seq.*;

22        h.    Defendant has engaged in unfair competition or unfair or deceptive acts or

23    practices in violation of 6 Del. Code §§ 2511, *et seq.* and 2531, *et seq.*;

24        i.    Defendant has engaged in unfair competition or unfair or deceptive acts or

25    practices in violation of D.C. Code §§ 28-3901, *et seq.*;

26        j.    Defendant has engaged in unfair competition or unfair or deceptive acts or

27    practices in violation of Fla. Stat. §§ 501.201, *et seq.*;

28        k.    Defendant has engaged in unfair competition or unfair or deceptive acts or

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW
SAN FRANCISCO

- 29 -

Case No. 07-cv-06174-JCS
DEF. SAFEWAY'S ANSWER AND AFF. DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT

1   practices in violation of Ga. Stat. §§ 10-1-372, *et seq.*, 10-1-392 and 10-1-420.

2           l.      Defendant has engaged in unfair competition or unfair or deceptive acts or

3   practices in violation of Haw. Rev. Stat. §§ 480-1, *et seq.*;

4           m.      Defendant has engaged in unfair competition or unfair or deceptive acts or

5   practices in violation of Idaho Code §§ 48-601, *et seq.*;

6           n.      Defendant has engaged in unfair competition or unfair or deceptive acts or

7   practices in violation of 815 ILCS §§ 505/1, *et seq.*;

8           o.      Defendant has engaged in unfair competition or unfair or deceptive acts or

9   practices in violation of Ind. Code Ann. §§ 24-5-0.5-1, *et seq.*;

10          p.      Defendant has engaged in unfair competition or unfair or deceptive acts or

11  practices in violation of Iowa Code §§ 714.16, *et seq.*;

12          q.      Defendant has engaged in unfair competition or unfair or deceptive acts or

13  practices in violation of Kan. Stat. §§ 50-623, *et seq.*;

14          r.      Defendant has engaged in unfair competition or unfair or deceptive acts or

15  practices in violation of Ky. Rev. Stat. §§ 367.170, *et seq.*;

16          s.      Defendant has engaged in unfair competition or unfair or deceptive acts or

17  practices in violation of La. Rev. Stat. §§ 51:1401, *et seq.*;

18          t.      Defendant has engaged in unfair competition or unfair or deceptive acts or

19  practices in violation of 5 Me. Rev. Stat. §§ 205A, *et seq.*;

20          u.      Defendant has engaged in unfair competition or unfair or deceptive acts or

21  practices in violation of Md. Com. Law Code §§ 13-101, *et seq.*;

22          v.      Defendant has engaged in unfair competition or unfair or deceptive acts or

23  practices in violation of Mass. Gen. L. Ch. 93 A, *et seq.*;

24          w.      Defendant has engaged in unfair competition or unfair or deceptive acts or

25  practices in violation of Mich. Comp. Laws Ann. §§ 445.90 1, *et seq.*;

26          x.      Defendant has engaged in unfair competition or unfair or deceptive acts or

27  practices in violation of Minn. Stat. §§ 325D.43, *et seq.*; 325 F.67, *et seq.*; and 325F.68, *et seq.*;

28          y.      Defendant has engaged in unfair competition or unfair or deceptive acts or

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 30 -

Case No. 07-cv-06174-JCS
DEF. SAFEWAY'S ANSWER AND AFF. DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT

1   practices in violation of Miss. Code Ann. §§ 75-24-1, *et seq.*;

2           z.      Defendant has engaged in unfair competition or unfair or deceptive acts or

3   practices in violation of Vernon's Ann. Missouri Stat. §§ 407.010, *et seq.*;

4           aa.     Defendant has engaged in unfair competition or unfair or deceptive acts or

5   practices in violation of Mont. Code Ann. §§ 30-14-101, *et seq.*;

6           bb.     Defendant has engaged in unfair competition or unfair or deceptive acts or

7   practices in violation of Neb. Rev. Stat. §§ 59-1601, *et seq.*

8           cc.     Defendant has engaged in unfair competition or unfair or deceptive acts or

9   practices in violation of Nev. Rev. Stat. Ann. §§ 598.0903, *et seq.*;

10          dd.     Defendant has engaged in unfair competition or unfair or deceptive acts or

11  practices in violation of N.H. Rev. Stat. §§ 358-A:1, *et seq.*;

12          ee.     Defendant has engaged in unfair competition or unfair or deceptive acts or

13  practices in violation of N.J. Rev. Stat. §§ 56:8-1, *et seq.*;

14          ff.     Defendant has engaged in unfair competition or unfair or deceptive acts or

15  practices in violation of N.M. Stat. §§ 57-12-1, *et seq.*;

16          gg.     Defendant has engaged in unfair competition or unfair or deceptive acts or

17  practices in violation of N.Y. Gen. Bus. Law §§ 349, *et seq.* and 350-e, *et seq.*;

18          hh.     Defendant has engaged in unfair competition or unfair or deceptive acts or

19  practices in violation of N.C. Gen. Stat. §§ 75-1.1, *et seq.*;

20          ii.     Defendant has engaged in unfair competition or unfair or deceptive acts or

21  practices in violation of N.D. Cent. Code §§ 51-12-01, *et seq.*, and 51-15-01, *et seq.*;

22          jj.     Defendant has engaged in unfair competition or unfair or deceptive acts or

23  practices in violation of Ohio Rev. Stat. §§ 1345.01, *et seq.*;

24          kk.     Defendant has engaged in unfair competition or unfair or deceptive acts or

25  practices in violation of 15 Okla. Stat. §§ 15 751, *et seq.*;

26          ll.     Defendant has engaged in unfair competition or unfair or deceptive acts or

27  practices in violation of Or. Rev. Stat. §§ 646.605, *et seq.*;

28          mm.     Defendant has engaged in unfair competition or unfair or deceptive acts or

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
                                      - 31 -                  Case No. 07-cv-06174-JCS
                                                             DEF. SAFEWAY'S ANSWER AND AFF. DEFENSES
                                                             TO PLAINTIFF'S CLASS ACTION COMPLAINT

1    practices in violation of 73 Pa. Stat. §§ 201-1, *et seq.*;

2             nn.    Defendant has engaged in unfair competition or unfair or deceptive acts or

3    practices in violation of R.I. Gen. Laws. §§ 6-13.1-1, *et seq.*;

4             oo.    Defendant has engaged in unfair competition or unfair or deceptive acts or

5    practices in violation of S.C. Code Laws §§ 39-5-10, *et seq.*;

6             pp.    Defendant has engaged in unfair competition or unfair or deceptive acts or

7    practices in violation of S.D. Codified Laws §§ 37-24-1, *et seq.*;

8             qq.    Defendant has engaged in unfair competition or unfair or deceptive acts or

9    practices in violation of Tenn. Code §§ 47-18-101, *et seq.*;

10            rr.    Defendant has engaged in unfair competition or unfair or deceptive acts or

11   practices in violation of Tex. Bus. & Com. Code §§ 17.41, *et seq.*;

12            ss.    Defendant has engaged in unfair competition or unfair or deceptive acts or

13   practices in violation of Utah Code §§ 13-11-1, *et seq.*;

14            tt.    Defendant has engaged in unfair competition or unfair or deceptive acts or

15   practices in violation of 9 Vt. §§ 2451, *et seq.*;

16            uu.    Defendant has engaged in unfair competition or unfair or deceptive acts or

17   practices in violation of Va. Code §§ 59.1-196, *et seq.*;

18            vv.    Defendant has engaged in unfair competition or unfair or deceptive acts or

19   practices in violation of Wash. Rev. Code. §§ 19.86.0 10, *et seq.*;

20            ww.    Defendant has engaged in unfair competition or unfair or deceptive acts or

21   practices in violation of West Virginia Code §§ 46A-6-101, *et seq.*;

22            xx.    Defendant has engaged in unfair competition or unfair or deceptive acts or

23   practices in violation of Wis. Stat. §§ 100.20, *et seq.*; and

24            yy.    Defendant has engaged in unfair competition or unfair or deceptive acts or

25   practices in violation of Wyo. Stat. §§ 40-12-101, *et seq*.

26   **ANSWER**:

27            Safeway denies that class certification is appropriate and expressly denies that any

28   claims in this action are appropriate for class treatment.  Safeway further denies that California

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
- 32 -
Case No. 07-cv-06174-JCS
DEF. SAFEWAY'S ANSWER AND AFF. DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT

1  law should apply to any proposed nationwide class. Safeway further denies having violated the

2  consumer protection statute of any state. Except as expressly admitted, Safeway denies the

3  remaining allegations in Paragraph 61.

4          62.    Plaintiff and the Class Members relied upon Defendant's misrepresentations

5  and/or omissions (as described herein) in purchasing Defendant's "organic" milk.

6  **ANSWER**:

7          Safeway denies having made any "misrepresentations and/or omissions"

8  whatsoever regarding its organic milk. By way of further response, Safeway affirmatively states

9  that it sells its organic milk with the label "USDA Organic" because it purchases its organic milk

10 from dairies whose products and operations are certified "USDA Organic" by one or more

11 USDA-accredited certifying agents, pursuant to the authority vested in those agents by the

12 USDA under the OFPA and the NOP. Safeway is without knowledge or information sufficient

13 to form a belief as to the truth or falsity of the allegations contained in Paragraph 62 regarding on

14 what Plaintiff or others "relied" and, on that basis, denies them. Except as expressly admitted,

15 Safeway denies the remaining allegations in Paragraph 62 and expressly denies that class

16 treatment is appropriate.

17         63.    As a direct and proximate result of Defendant's wrongful conduct, Plaintiff and

18 the Class Members have been damaged by, *inter alia*, paying a premium price for "organic"

19 milk, when Plaintiff and the Class Members received non-organic milk.

20 **ANSWER**:

21         Safeway denies that Plaintiff, or anyone else, is entitled to any relief whatsoever,

22 including, but not limited to, the relief requested in Plaintiff's Complaint. Except as expressly

23 admitted, Safeway denies the remaining allegations in Paragraph 63 and expressly denies that

24 class treatment is appropriate.

25         64.    As a direct and proximate result of Defendant's wrongful conduct, Plaintiff and

26 the Class are entitled to compensatory damages, treble damages, attorneys' fees and cost of this

27 suit.

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 33 -

Case No. 07-cv-06174-JCS
DEF. SAFEWAY'S ANSWER AND AFF. DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT

1    **ANSWER**:

2            Safeway denies that Plaintiff, or anyone else, is entitled to any relief whatsoever,

3    including, but not limited to, the relief requested in Plaintiff's Complaint.  Except as expressly

4    admitted, Safeway denies the remaining allegations in Paragraph 64 and expressly denies that

5    class treatment is appropriate.

6                        **SIXTH CAUSE OF ACTION**
                     **COMMON LAW UNJUST ENRICHMENT**
7
            65.    This Cause of Action is pled in the alternative to all contract-based claims and/or
8
     causes of action at law.
9
     **ANSWER**:
10
            Safeway admits that Plaintiff purports to plead his claim for unjust enrichment in
11
     the alternative.  Safeway denies that Plaintiff, or anyone else, is entitled to any relief whatsoever,
12
     including, but not limited to, the relief requested in Plaintiff's Complaint.  Except as expressly
13
     admitted, Safeway denies the remaining allegations in Paragraph 65.
14
            66.    Defendant has received a benefit from Plaintiff and the Class Members in the
15
     form of the prices Plaintiff and the Class Members paid for Defendant's "organic" milk or milk
16
     products during the relevant time period.
17
     **ANSWER**:
18
            Safeway denies the allegations in Paragraph 66 and expressly denies that class
19
     treatment is appropriate.
20
            67.    Defendant is aware of its receipt of the above-described benefit.
21
     **ANSWER**:
22
            Safeway denies the allegations in Paragraph 67.
23
            68.    Defendant received the above-described benefit to the detriment of Plaintiff and
24
     each of the other members of the Class.
25
     **ANSWER**:
26
            Safeway denies the allegations in Paragraph 68 and expressly denies that class
27
     treatment is appropriate.
28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 34 -

Case No. 07-cv-06174-JCS
DEF. SAFEWAY'S ANSWER AND AFF. DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT

1    69.    Defendant continues to retain the above-described benefit to the detriment of

2    Plaintiff and the Class Members.

3    **ANSWER**:

4         Safeway denies the allegations in Paragraph 69 and expressly denies that class

5    treatment is appropriate.

6    70.    Under the circumstances, it would be inequitable for Defendant to retain the

7    above described benefit.

8    **ANSWER**:

9         Safeway denies the allegations in Paragraph 70 and expressly denies that class

10   treatment is appropriate.

11   71.    As a result of Defendant's unjust enrichment, Plaintiff and the Class Members

12   have sustained damages in an amount to be determined at trial and seek full disgorgement and

13   restitution of Defendant's enrichment, benefits, and ill-gotten gains acquired as a result of the

14   unlawful or wrongful conduct alleged above.

15   **ANSWER**:

16        Safeway denies that Plaintiff, or anyone else, is entitled to any relief whatsoever,

17   including, but not limited to, the relief requested in Plaintiff's Complaint.  Except as expressly

18   admitted, Safeway denies the remaining allegations in Paragraph 71 and expressly denies that

19   class treatment is appropriate.

20                    **SEVENTH CAUSE OF ACTION**
                    **BREACH OF EXPRESS WARRANTY**
21

22   72.    Plaintiff hereby incorporates the preceding paragraphs by reference.

     **ANSWER**:
23

24        Safeway repeats and realleges its answers to the preceding paragraphs as if fully

     set forth herein.
25

26   73.    Aurora sold its "organic" milk or milk products to retailers who sold that milk or

27   milk products to Plaintiff and the Class Members.

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
- 35 -
Case No. 07-cv-06174-JCS
DEF. SAFEWAY'S ANSWER AND AFF. DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT

1    **ANSWER**:

2              Safeway does not answer for Aurora, who has not been named in this action.

3    Safeway admits that some, but not all, of the organic milk that it sells is supplied by Aurora.

4    Safeway further admits that it sells its organic milk with the "USDA Organic" seal, because it

5    purchases its organic milk from dairies whose products and operations are certified "USDA

6    Organic" by one or more USDA-accredited certifying agents, pursuant to the authority vested in

7    those agents by the USDA under the OFPA and the NOP.  Safeway is without knowledge or

8    information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 73

9    regarding Plaintiff, the proposed class members and Aurora's customers and, on that basis,

10   denies them.  Except as expressly admitted, Safeway denies the remaining allegations in

11   Paragraph 73 and expressly denies that class treatment is appropriate.

12             74.    At all times relevant to this action, Defendant falsely represented that its milk or

13   milk products were "organic" when they were not produced in compliance with the applicable

14   organic certification requirements, laws, standards and regulations.

15   **ANSWER**:

16             Safeway denies the allegations in Paragraph 74.

17             75.    By its statements and representations about the "organic" status of its milk or milk

18   products, Defendant warranted the production process and condition of that "organic" milk or

19   milk products purchased by Plaintiff and the Class Members.

20   **ANSWER**:

21             Safeway denies the allegations in Paragraph 75 and expressly denies that class

22   treatment is appropriate.

23             76.    Defendant made these representations and warranty statements to induce Plaintiff

24   and the Class Members to purchase Defendant's "organic" milk or milk products or was a

25   material factor in the decision of Plaintiff and the Class Members to purchase the milk or the

26   milk products.

27   **ANSWER**:

28             Safeway denies the allegations in Paragraph 76 and expressly denies that class

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
- 36 -
Case No. 07-cv-06174-JCS
DEF. SAFEWAY'S ANSWER AND AFF. DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT

1    treatment is appropriate.

2        77.    Due to its conduct alleged herein, Defendant's "organic" milk or milk products

3    failed to conform to each of these warranties.

4    **<u>ANSWER</u>**:

5            Safeway denies the allegations in Paragraph 77.

6        78.    As a result of Defendant's conduct, Plaintiff and the Class Members have been

7    damaged.

8    **<u>ANSWER</u>**:

9            Safeway denies that Plaintiff, or anyone else, is entitled to any relief whatsoever,

10   including, but not limited to, the relief requested in Plaintiff's Complaint.  Except as expressly

11   admitted, Safeway denies the remaining allegations in Paragraph 78 and expressly denies that

12   class treatment is appropriate.

13       79.    Within a reasonable time after Plaintiff and the Class Members knew or should

14   have known of the failure to conform, Plaintiff, individually and on behalf of the Class, placed

15   Defendant on notice thereof.

16   **<u>ANSWER</u>**:

17           Safeway denies the allegations in Paragraph 79 and expressly denies that class

18   treatment is appropriate.

19                           **PRAYER FOR RELIEF**

20           WHEREFORE, Plaintiff, individually and on behalf all others similarly situated,

21   respectfully requests that this Court enter a judgment against Defendant and in favor of Plaintiff,

22   and grant the following relief:

23       A.    Determine that this action may be maintained as a class action with respect to a

24   national class or with subclasses corresponding to the several states' laws, or, in the alternative, a

25   California statewide class, pursuant to the appropriate subsections of Fed. R. Civ, P. 23; that the

26   court certify a class action with respect to particular issues if appropriate, and that the Court

27   designate and appoint Plaintiff and his counsel to serve as Class Representative and Class

28   Counsel;

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 37 -

Case No. 07-cv-06174-JCS
DEF. SAFEWAY'S ANSWER AND AFF. DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT

1       **B.**      Declare, adjudge and decree the conduct of the Defendant as alleged herein to be

2  unlawful;

3       **C.**      Grant Plaintiff and all Class Members awards of actual, compensatory, punitive

4  and/or exemplary damages in such amount to be determined at trial and as provided by

5  applicable law;

6       **D.**      Grant Plaintiff and all Class Members awards of statutory, damages, attorney's

7  fees and costs pursuant to the various Consumer Protection Acts of the fifty states;

8       **E.**      Grant Plaintiff and the Class Members their costs of suit, including reasonable

9  attorneys' fees, and expenses as provided by law; and

10       **F.**      Grant Plaintiff and the Class Members such other, further, and different relief as

11  the nature of the case may require or as may be determined to be just, equitable, and proper by

12  this Court.

13  <u>**ANSWER**</u>:

14       Safeway denies that Plaintiff, or anyone else, is entitled to any relief whatsoever,

15  including, but not limited to, the relief requested in Plaintiff's Complaint.  Safeway further

16  denies that class certification is appropriate and expressly denies that any claims in this action

17  are appropriate for class treatment.  Except as expressly admitted, Safeway denies the remaining

18  allegations in the Paragraph entitled "Prayer for Relief."

19                  **DEMAND FOR TRIAL BY JURY**

20       Plaintiff, by counsel, requests a trial by jury on those causes of actions set forth

21  herein.

22  <u>**ANSWER**</u>:

23       Safeway admits that Plaintiff purports to seek a jury trial for the causes of action

24  in Plaintiff's Complaint.  Except as expressly admitted, Safeway denies the remaining allegations

25  in the Paragraph entitled "Demand for Trial by Jury."

26                 **FIRST AFFIRMATIVE DEFENSE**

27       1.      The Complaint fails to state any claim upon which relief can be granted.

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 38 -

Case No. 07-cv-06174-JCS
DEF. SAFEWAY'S ANSWER AND AFF. DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT

1

**SECOND AFFIRMATIVE DEFENSE**

2          2.        The claims of Plaintiff and members of the proposed class for equitable relief are

3    barred by the fact that Plaintiff and the members of the proposed class have an adequate remedy

4    at law.

5

**THIRD AFFIRMATIVE DEFENSE**

6          3.        The claims asserted are barred, in whole or in part, to the extent that Plaintiff

7    and/or members of the proposed class suffered no legal injury.

8

**FOURTH AFFIRMATIVE DEFENSE**

9          4.        The claims of Plaintiff and/or members of the proposed class may be barred, in

10   whole or in part, by the doctrines of waiver, estoppel and/or laches.

11

**FIFTH AFFIRMATIVE DEFENSE**

12         5.        Plaintiff and members of the proposed class may be barred, in whole or in part,

13   from recovery because they have made statements and/or taken actions that estop them from

14   asserting their claims.

15

**SIXTH AFFIRMATIVE DEFENSE**

16         6.        The claims of Plaintiff and/or members of the proposed class may be barred, in

17   whole or in part, by the applicable statutes of limitations.

18

**SEVENTH AFFIRMATIVE DEFENSE**

19         7.        The claims in Plaintiff's Complaint are barred, in whole or in part, because

20   Plaintiff and members of the proposed class cannot meet their burden of showing that any acts,

21   conduct, statements or omissions on the part of Safeway were misleading or likely to mislead.

22

**EIGHTH AFFIRMATIVE DEFENSE**

23         8.        The claims in Plaintiff's Complaint are barred, in whole or in part, because

24   Plaintiff and members of the proposed class were not actually misled or deceived by and/or did

25   not rely on any statements or omissions on the part of Safeway in deciding whether to purchase

26   the organic milk sold by Safeway.

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 39 -

Case No. 07-cv-06174-JCS
DEF. SAFEWAY'S ANSWER AND AFF. DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT

1

**NINTH AFFIRMATIVE DEFENSE**

2      9.      Plaintiff's Complaint is barred, in whole or in part, by the Supremacy Clause of

3   the United States Constitution and by the doctrine of preemption.  Allowing state law to override

4   or alter the decisions of the USDA and the requirements of the OFPA and the NOP regulations

5   conflicts with both Federal law and the policies underlying Federal law and would stand as an

6   obstacle to the Federal objective of creating unified organic food standards throughout the

7   United States.

8

**TENTH AFFIRMATIVE DEFENSE**

9      10.     The claims in Plaintiff's Complaint are barred, in whole or in part, because the

10  USDA has primary jurisdiction over all or part of the subject matter hereto.

11

**ELEVENTH AFFIRMATIVE DEFENSE**

12     11.     If any persons or entities claiming to be members of the proposed class have

13  released claims, they may be barred from recovery, in whole or in part, by such releases.

14

**TWELFTH AFFIRMATIVE DEFENSE**

15     12.     The claims of Plaintiff and members of the proposed class may be barred, in

16  whole or in part, to the extent that they may have failed to mitigate damages.

17

**THIRTEENTH AFFIRMATIVE DEFENSE**

18     13.     Plaintiff and/or members of the proposed class may be barred from recovery, in

19  whole or in part, if in this or other tribunals they have brought actions and have received

20  judgments or awards on some or all claims asserted herein.

21

**FOURTEENTH AFFIRMATIVE DEFENSE**

22     14.     If any persons claiming to be members of the proposed class have resolved the

23  same or similar claims as those alleged in Plaintiff's Complaint, they may be barred from

24  recovery, in whole or in part, on the ground that they are subject to the defense of accord and

25  satisfaction.

26

27

28

1

**FIFTEENTH AFFIRMATIVE DEFENSE**

2    15.    The claims of Plaintiff and/or the members of the proposed class are barred, in

3    whole or in part, to the extent that they engaged in unlawful, inequitable or improper conduct.

4

**SIXTEENTH AFFIRMATIVE DEFENSE**

5    16.    The claims of Plaintiff and/or the members of the proposed class are barred, in

6    whole or in part, by the doctrines of res judicata and/or collateral estoppel.

7

**SEVENTEENTH AFFIRMATIVE DEFENSE**

8    17.    The claims of Plaintiff and/or the members of the proposed class are barred, in

9    whole or in part, because Plaintiff and members of the proposed class failed to exhaust

10    administrative remedies.

11

**EIGHTEENTH AFFIRMATIVE DEFENSE**

12    18.    The claims of Plaintiff are barred, in whole or in part, because Safeway purchased

13    organic milk from dairies that complied with the applicable federal laws and regulations

14    governing the production, marketing, labeling and sale of organic foods and were certified by a

15    Federal agency to label their products "USDA Organic."

16
17

**NINETEENTH AFFIRMATIVE DEFENSE**
**(AGAINST PROPOSED CALIFORNIA "STATEWIDE CLASS")**

18    19.    The claims of any proposed "California State Class" in the Complaint are barred,

19    in whole or in part, by the doctrine set forth in Diaz v. Kay-Dix Ranch, 9 Cal. App. 3d 588

20    (1970).

21

**TWENTIETH AFFIRMATIVE DEFENSE**
**(AGAINST PROPOSED CALIFORNIA "STATEWIDE CLASS")**

22    20.    The claims of any proposed "California State Class" in the Complaint are barred,

23    in whole or in part, by the doctrine set forth in Cel-Tech Communications, Inc. v. Los Angeles

24    Cellular Tel. Co., 20 Cal. 4th 163 (1999).

25

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

26    21.    The claims of Plaintiff and members of the proposed class for punitive damages

27    are barred, in whole or in part, by applicable state law and the Constitution of the United States.

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 41 -

Case No. 07-cv-06174-JCS
DEF. SAFEWAY'S ANSWER AND AFF. DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22.    Plaintiff's action cannot be maintained as a class action because Plaintiff cannot meet the requirements for class certification.  Further, certification of the proposed class would result in the denial of due process to Safeway, as well as to the proposed class.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23.    This action is not appropriate for class treatment because the claims necessarily turn on individual purchasing habits and patterns for each Plaintiff and proposed class member.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24.    Plaintiff's claims for violation of the various state consumer protection statutes are barred, in whole or in part, by the "safe harbor" provisions of those consumer protection statutes and/or the respective states' common law "safe harbor" provisions.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

25.    Plaintiff and his counsel have failed to join as parties to this action all persons and entities that would be necessary parties for adjudication of the claims of Plaintiff and/or members of the proposed class.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**
**(AGAINST PROPOSED CALIFORNIA "STATEWIDE CLASS")**

26.    Plaintiff's claims for damages under the Consumer Legal Remedies Act are defective, since no statutorily-required notice was served upon Safeway thirty days <u>prior</u> to the filing of suit as required by Cal. Civ. Code § 1782(a).

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

27.    The claims of Plaintiff and members of the proposed class are barred, in whole or in part, by the doctrine set forth in <u>Phillips Petroleum Co. v. Shutts</u>, 472 U.S. 797 (1985), as applying California law to a nationwide class would, <u>inter alia</u>, violate due process.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**
**(AGAINST PROPOSED CALIFORNIA "STATEWIDE CLASS")**

28.    The claims of any proposed "California State Class" in the Complaint are barred, in whole or in part, because the California Department of Health Services and/or the California Department of Food and Agriculture have primary jurisdiction over all or part of the subject

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 42 -

Case No. 07-cv-06174-JCS
DEF. SAFEWAY'S ANSWER AND AFF. DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT

1  matter hereto.

2  **TWENTY-NINTH AFFIRMATIVE DEFENSE**

3      29.    The claims of the members of the proposed class are barred, in whole or in part,

4  by the restriction on class action lawsuits in the various states' consumer protection statutes,

5  including, but not limited to, Ala. Code § 8-19-10(f); Ga. Code. Ann. § 10-1-399(a); La. Rev.

6  Stat. Ann. § 51:1409(a); Miss. Code § 75-24-15(4); Mont. Code § 30-14-133(1); S.C. Code § 37-

7  5-202(1), (3).

8  **THIRTIETH AFFIRMATIVE DEFENSE**

9      30.    Plaintiff's claims for damages under one or more of the consumer protection acts

10  are defective, since no statutorily-required notice was served upon Safeway <u>prior</u> to the filing of

11  suit. <u>See</u> Ala. Code § 8-19-10(e) (requiring 15 days); Ak. Stat. § 45.50.535 (requiring notice

12  generally); Cal. Civ. Code § 1782(a) (requiring 30 days); Ga. Code Ann. § 10-1-399(b)

13  (requiring 30 days); Ind. Code § 24-5-0.5-5(a) (requiring 30 days); Me. Rev. Stat. Ann. Tit. 5, §

14  213(1-A) (requiring 30 days); Mass. Gen. Laws Ch. 93A § 9(3) (requiring 30 days); Tex. Bus. &

15  Com. Code § 17.505 (requiring 60 days); W. Va. Code § 46A-6-106 (requiring 20 days); Wyo.

16  Stat. Ann. § 40-12-109 (requiring notice generally and imposing a statute of limitations).

17  **THIRTY-FIRST AFFIRMATIVE DEFENSE**

18      31.    Safeway has insufficient knowledge or information upon which to form a belief as

19  to whether it may have additional affirmative defenses that govern the claims asserted by

20  Plaintiff and on behalf of persons claimed to be members of the proposed class.  Safeway,

21  therefore, reserves the right to raise additional defenses as appropriate.

22      WHEREFORE, Safeway prays:

23      (a)    That Plaintiff and all members of the proposed class take nothing

24  by reason of this suit;

25      (b)    For attorneys fees and costs;

26      (c)    That the certification of all proposed classes herein be denied; and

27      (d)    For any other and further relief as the Court deems just and proper.

28

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW
SAN FRANCISCO

- 43 -

Case No. 07-cv-06174-JCS
DEF. SAFEWAY'S ANSWER AND AFF. DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT

1    Dated:  February 19, 2008                    Respectfully submitted,

2

3                                                 /s/
                                                  Vivian C. Stapp
4                                                 One of the Attorneys for Defendant
                                                  Latham & Watkins LLP
5                                                 505 Montgomery Street, Suite 2000
                                                  Telephone: (415) 391-0600
6                                                 Fax: (415) 395-8095
                                                  Email: viviann.stapp@lw.com
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 44 -

Case No. 07-cv-06174-JCS
DEF. SAFEWAY'S ANSWER AND AFF. DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT