1  HAGENS BERMAN SOBOL SHAPIRO LLP
   Shana E. Scarlett (Cal. Bar. No. 217895)
2  715 Hearst Avenue, Suite 202
   Berkeley, CA 94710
3  Telephone: (510) 725-3000
   Facsimile: (510) 725-3001
4  shanas@hbsslaw.com

5  HAGENS BERMAN SOBOL SHAPIRO LLP
   Elizabeth A. Fegan (*pro hac vice*)
6  820 North Boulevard, Suite B
   Oak Park, IL 60301
7  Telephone: (708) 776-5600
   Facsimile: (708) 776-5601
8  beth@hbsslaw.com

9  *Attorneys for Plaintiff Shawn Riley*

10 LATHAM & WATKINS LLP
   Viviann C. Stapp (Cal. Bar No. 233036)
11 505 Montgomery Street, Suite 2000
   Telephone: (415) 391-0600
12 Fax: (415) 395-8095
   Email: viviann.stapp@lw.com
13
   Mark S. Mester (Ill. Bar No. 6196140) (*pro hac vice*)
14 Livia M. Kiser (Ill. Bar No. 6275283) (*pro hac vice*)
   233 South Wacker Drive
15 Sears Tower, Suite 5800
   Chicago, IL 60606
16 Telephone: (312) 876-7700
   Fax: (312) 993-9767
17 Email: mark.mester@lw.com
          livia.kiser@lw.com
18
   *Attorneys for Defendant Safeway Inc.*
19

20                    UNITED STATES DISTRICT COURT

21                   NORTHERN DISTRICT OF CALIFORNIA

22                         SAN FRANCISCO DIVISION

23  **SHAWN RILEY, individually and on behalf**  )  No. 3:07-cv-06174-JCS
    **of all others similarly situated,**         )
24                                                )
                                                  )
25                              Plaintiff,        )  **STIPULATION REQUESTING AN**
        v.                                        )  **ORDER AMENDING THE CASE**
26                                                )  **MANAGEMENT SCHEDULE**
                                                  )
27  **SAFEWAY INC.,**                             )
                                                  )
28                              Defendant.        )

1    Pursuant to Civ. L. R. 6-2 and 16-2, Plaintiff Shawn Riley ("Plaintiff" or "Riley") and
2  Defendant Safeway Inc. ("Defendant" or "Safeway") (collectively, the "Parties"), by and through
3  their attorneys, submit the following as and for this Stipulation Requesting An Order Amending
4  The Case Management Schedule:

5    The above-captioned action is one of nineteen actions filed against Aurora Dairy
6  Corporation, d/b/a Aurora Organic Dairy ("Aurora") and/or several retailers who sell Aurora's
7  organic milk. See Dkt # 16 (Safeway Inc.'s Local Rule 3-13 Notice Of Pendency Of Other
8  Actions Or Proceedings).

9    On February 20, 2008, the Judicial Panel on Multidistrict Litigation ("Multidistrict Panel")
10 issued an order transferring and consolidating four of those actions -- Freyre, et al. v. Aurora Dairy
11 Corp. (D. Colo.), Still, et al. v. Aurora Dairy Corp. (D. Colo.); Fiallos v. Aurora Dairy Corp. (S.D.
12 Fla.) and Mothershead, et al. v. Aurora Dairy Corp. (E.D. Mo.) -- in the Eastern District of
13 Missouri. See Declaration of Kathleen P. Lally ("Lally Decl.") ¶ 2, Ex. A (Transfer Order) at 7. In
14 addition, the Multidistrict Panel identified eleven other actions -- including this action -- as
15 "potential tag-along" actions. See id. at 5, n. 1. Accordingly, on February 26, 2008, the Clerk of
16 the Multidistrict Panel issued a Conditional Transfer Order for this and the other previously
17 identified "potential tag-along" actions. See Lally Decl. Ex. B (Conditional Transfer Order) at
18 10-11.

19    On February 22, 2008, in light of the Transfer Order issued by the Multidistrict Panel and
20 the likely issuance of the conditional transfer order in this matter, the Parties agreed to stipulate to
21 both an extension of time for conducting pre-trial matters and to seek an order postponing the Case
22 Management Conference. See Lally Decl. ¶ 3. In light of the pending consolidation of this matter,
23 the Parties agree that the Court should suspend pre-trial matters in this matter pending a transfer
24 decision by the Multidistrict Panel. The Parties face a number of near-term deadlines, including
25 engaging in preliminary discovery, defining the scope of electronic and other discovery and
26 otherwise engaging in pre-trial activities. See Dkt # 2 (Order Setting Initial Case Management
27 Conference And ADR Deadlines). Many of these issues, such as the Case Management
28 Conference and pre-trial motion practice, implicate judicial and litigant resources. Accordingly,

this Court should enter the attached proposed order.  See e.g., Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) (vacating and ruling *inter alia* that scheduled case management conference be vacated where a "conditional order of transfer has been entered").

## CONCLUSION

For the reasons stated above, the Parties agree and respectfully request that all proceedings in this matter be suspended pending the resolution of the conditional transfer order to be issued by the Clerk of the Multidistrict Panel, transferring and consolidating this action with the consolidated proceedings In re Aurora Dairy Corp. Organic Milk Marketing and Sales Practices Litigation.  The Parties further agree and respectfully request that the Court amend the Case Management Schedule to reflect the schedule proposed in the attached order, or for a reasonable period of time after a decision by the Multidistrict Panel, as the Court deems appropriate.

## ATTESTATION OF SIGNATURE

Concurrence in filing this document has been obtained from each of the other signatories.

Dated:  February 29, 2008                    Respectfully submitted,

                                                  LATHAM & WATKINS LLP
                                                    Viviann C. Stapp

                                                                    /s/
                                                  By: _____
                                                      Viviann C. Stapp
                                                      Attorneys for Defendant
                                                      Aurora Dairy Corporation

                                                 HAGENS BERMAN SOBOL SHAPIRO LLP
                                                      Elizabeth A. Fegan

                                                                   /s/
                                                 By: _____
                                                      Elizabeth A. Fegan
                                                      Attorney for Plaintiff
                                                      Shawn Riley

**[PROPOSED] ORDER**

The Court having considered the Stipulation Requesting An Order Amending The Case Management Schedule and good cause appearing, IT IS HEREBY ORDERED that the request is GRANTED.

The Case Management Schedule entered on December 5, 2007 be amended to reflect the following schedule:

a. The Parties meet and confer regarding the initial disclosures, early settlement, ADR process selection, and discovery plan within twenty (20) days of the decision of the Multidistrict Panel;

b. The Parties file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference within twenty (20) days of the decision of the Multidistrict Panel;

c. The Parties file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order regarding Contents of Joint Case Management Statement within thirty-four (34) days of the decision of the Multidistrict Panel; and

d. The Initial Case Management Conference be held within forty-four (44) days of the decision of the Multidistrict Panel.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____

_____
Judge Joseph C. Spero
United States Magistrate Judge