LATHAM & WATKINS LLP
Viviann C. Stapp (Cal. Bar No. 233036)
505 Montgomery Street, Suite 1900
San Francisco, California 94111-2562
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email: viviann.stapp@lw.com

Mark S. Mester (Ill. Bar No. 6196140) (*pro hac vice*)
Livia M. Kiser (Ill. Bar No. 6275283) (*pro hac vice*)
233 South Wacker Drive
Suite 5800 Sears Tower
Chicago, Illinois 60606
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
Email: mark.mester@lw.com
       livia.kiser@lw.com

*Attorneys for Defendant*
*Safeway Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHAWN RILEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAFEWAY INC.,<br><br>Defendant. | No. 07-cv-06174-JCS<br><br>DECLARATION OF KATHLEEN P. LALLY IN FURTHER SUPPORT OF STIPULATION REQUESTING AN ORDER AMENDING THE CASE MANAGEMENT SCHEDULE |

I, Kathleen P. Lally, declare and state as follows:

1. I am an attorney admitted to practice law in Illinois and an associate with the law firm of Latham & Watkins LLP, counsel for Defendant Safeway Inc. ("Defendant" or "Safeway"), a retailer of Aurora Dairy Corporation d/b/a Aurora Organic Dairy ("Aurora"). This declaration is filed in support of the Stipulation Requesting An Order Amending The Case Management Schedule. I have personal and firsthand knowledge of the facts stated in this declaration. If called upon to do so, I could and would testify competently thereto.

2. On February 20, 2008, the Judicial Panel on Multidistrict Litigation ("Multidistrict Panel") issued an order transferring and consolidating four of the actions recently filed against Aurora, as well as identifying eleven other actions filed against Aurora and various retailers, including Safeway, as "potential tag-along" actions.

3. On February 22, 2008, in light of the Transfer Order issued by the Multidistrict Panel and the likely issuance of the conditional transfer order in this matter, I spoke with attorney for Plaintiff, Daniel J. Kurowski, of Hagens Berman Sobol Shapiro LLP. During this call, Mr. Kurowski agreed to stipulate to both an extension of time for conducting pre-trial matters and to seek an order postponing the Case Management Conference.

4. Attached hereto as Exhibit A is a true and correct copy of the Transfer Order entered on February 20, 2008 by the Multidistrict Panel regarding In re: Aurora Dairy Corporation Organic Milk Marketing and Sales Practice Litigation, MDL Docket No. 1907.

5. Attached hereto as Exhibit B is a true and correct copy of the Conditional Transfer Order entered on February 26, 2008 by the Multidistrict Panel regarding In re: Aurora Dairy Corporation Organic Milk Marketing and Sales Practice Litigation, MDL Docket No. 1907.

I declare under penalty of perjury under the laws of the United States that the

1

Case No. 07-CV-06174-JCS
DEC. OF KATHLEEN P. LALLY IN FURTHER SUPPORT OF
STIPULATION REQUESTING ORDER AMENDING
CASE MGMT SCHEDULE

1 | foregoing is true and correct.
2 |
3 | Dated: February 29, 2008                                  Respectfully submitted,
4 |
5 |                                                           _____
6 |                                                           Kathleen P. Lally

2

Case No. 07-CV-06174-JCS
DEC. OF KATHLEEN P. LALLY IN FURTHER SUPPORT OF
STIPULATION REQUESTING ORDER AMENDING
CASE MGMT SCHEDULE

# EXHIBIT A

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Feb 20, 2008

FILED
CLERK'S OFFICE

IN RE: AURORA DAIRY CORP. ORGANIC
MILK MARKETING AND SALES
PRACTICES LITIGATION

MDL No. 1907

**TRANSFER ORDER**

    **Before the entire Panel**[*]:  Plaintiffs in the District of Colorado *Freyre* action have moved, pursuant to 28 U.S.C. § 1407, for centralization of this litigation in the District of Colorado.  Defendant in all actions, Aurora Dairy Corp. (Aurora), opposes plaintiffs' motion but, alternatively, supports selection of the District of Colorado as the transferee forum.  Plaintiffs in the District of Colorado *Still* action and two potential tag-along actions pending in the District of Colorado support centralization in the District of Colorado.  Plaintiffs in the Eastern District of Missouri action support centralization in the Eastern District of Missouri.

    This litigation currently consists of four actions listed on Schedule A and pending, respectively, in the following three districts: two actions in the District of Colorado, and an action each in the Southern District of Florida and the Eastern District of Missouri.[1]

    On the basis of the papers filed and hearing session held, we find that these four actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Missouri will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  Plaintiffs in all four actions, which are brought on behalf of putative nationwide classes, contend that Aurora misled them into believing that the milk that they purchased was "organic" or "USDA organic" when in fact the milk failed to meet organic standards, including those established by the U.S. Department of Agriculture and the federal Organic Foods Production Act, 7 U.S.C. § 6501, *et seq*.  As a result, plaintiffs bring a variety of state law claims, asserting that, *inter alia*, they have paid artificially high prices for Aurora's organic milk.  Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings (particularly with respect to the issue of class certification); and conserve the resources of the parties, their counsel and the judiciary.

---

    [*] Judge Heyburn took no part in the disposition of this matter.

    [1] In addition to the four actions now before the Panel, the parties have notified the Panel of eleven related actions pending, respectively, as follows: four actions in the District of Colorado, two actions in the Northern District of California, and an action each in the Eastern District of Arkansas, the District of Minnesota, the Eastern District of New York, the Southern District of New York, and the Western District of Washington.  These actions and any other related actions will be treated as potential tag-along actions.  *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

Aurora opposes centralization, asserting that, *inter alia*, transfer of the actions under Section 1407 is unnecessary because voluntary alternatives to Section 1407 are superior. We respectfully disagree. Transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: (1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and (2) ensures that pretrial proceedings will be conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties and the judiciary.

We are persuaded that the Eastern District of Missouri, where the first-filed action is pending, is an appropriate transferee forum for this litigation. Given the geographic dispersal of the constituent actions and the potential tag-along actions, the Eastern District of Missouri offers a relatively convenient forum for this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Eastern District of Missouri are transferred to the Eastern District of Missouri and, with the consent of that court, assigned to the Honorable E. Richard Webber for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

PANEL ON MULTIDISTRICT LITIGATION

_____
D. Lowell Jensen
Acting Chairman

| | |
|---|---|
| John G. Heyburn II, Chairman[*] | J. Frederick Motz |
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | Anthony J. Scirica |

**IN RE: AURORA DAIRY CORP. ORGANIC
MILK MARKETING AND SALES
PRACTICES LITIGATION**                                    MDL No. 1907

### SCHEDULE A

    District of Colorado

Rebecca Freyre, et al. v. Aurora Dairy Corp., C.A. No. 1:07-2183
Mona Still, et al. v. Aurora Dairy Corp., C.A. No. 1:07-2188

    Southern District of Florida

Maya Fiallos v. Aurora Dairy Corp., C.A. No. 1:07-22748

    Eastern District of Missouri

Kristine Mothershead, et al. v. Aurora Dairy Corp., C.A. No. 4:07-1701

Exhibit A 07

# EXHIBIT B

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:        [202] 502-2888
http://www.jpml.uscourts.gov

February 26, 2008

FEB 26 2008

TO INVOLVED COUNSEL

Kronel Sochnoff & Way

Re: MDL No. 1907 -- IN RE: Aurora Dairy Corp. Organic Milk Marketing and Sales Practices Litigation

(See Attached CTO-1)

Dear Counsel:

Attached hereto is a copy of a conditional transfer order filed today by the Panel involving the above-captioned matter. This matter is transferred pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001). Copies of Rule 5.2, dealing with service, and Rules 7.4 and 7.5, regarding "tag-along" actions, are attached for your convenience.

Inasmuch as there is an unavoidable time lag between notification of the pendency of the tag-along action and the filing of a conditional transfer order, counsel are required by Rule 7.4(b) to notify this office **BY FACSIMILE**, at (202) 502-2888, of any official changes in the status of the tag-along action. These changes could involve dismissal of the action, remand to state court, transfer to another federal court, etc., as indicated by an order filed by the district court. Your cooperation would be appreciated.

**NOTICE OF OPPOSITION DUE ON OR BEFORE:** ___March 12, 2008___ (4 p.m. EST)
(Facsimile transmission is suggested.)

If you are considering opposing this conditional transfer order, please review Rules 7.4 and 7.5 of the Panel Rules before filing your Notice of Opposition.

A list of involved counsel is attached.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By _____
         Deputy Clerk

Attachments

JPML Form 39

Exhibit B 09

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 2 6 2008

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: AURORA DAIRY CORP. ORGANIC
MILK MARKETING AND SALES
PRACTICES LITIGATION

MDL No. 1907

(SEE ATTACHED SCHEDULE)

CONDITIONAL TRANSFER ORDER (CTO-1)

On February 20, 2008, the Panel transferred three civil actions to the United States District Court for the Eastern District of Missouri for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* ___F.Supp.2d___ (J.P.M.L. 2008). With the consent of that court, all such actions have been assigned to the Honorable E. Richard Webber.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Eastern District of Missouri and assigned to Judge Webber.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Eastern District of Missouri for the reasons stated in the order of February 20, 2008, and, with the consent of that court, assigned to the Honorable E. Richard Webber.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of Missouri. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Luthi
Clerk of the Panel

Exhibit B 10

IN RE: AURORA DAIRY CORP. ORGANIC
MILK MARKETING AND SALES
PRACTICES LITIGATION

MDL No. 1907

## SCHEDULE CTO-1 - TAG-ALONG ACTIONS

**DIST. DIV. C.A. #**             **CASE CAPTION**

ARKANSAS EASTERN
  ARE  4  08-10                Paul Bowen v. Wal-Mart Stores, Inc.

CALIFORNIA NORTHERN
  CAN  3  07-5331               Brenda Gallardo v. Aurora Dairy Corp.
  CAN  3  07-6174               Shawn Riley v. Safeway, Inc.

COLORADO
  CO  1  07-2285                Elizabeth Cockrell v. Aurora Dairy Corp.
  CO  1  07-2449                Jim Snell, et al. v. Aurora Dairy Corp., et al.
  CO  1  07-2622                Vicki M. Tysseling-Mattiace v. Wild Oats Markets, Inc.
  CO  1  07-2625                Margot West, et al. v. Aurora Dairy Corp.

MINNESOTA
  MN  0  07-4755                Patrick Hudspeth, et al. v. Target Corp.

NEW YORK EASTERN
  NYE  2  07-4425               Ilsa Lee Kaye v. Aurora Dairy Corp.

NEW YORK SOUTHERN
  NYS  1  07-9418               Hillary White, et al. v. Aurora Dairy Corp.

WASHINGTON WESTERN
  WAW  2  07-1975               Channing Hesse v. Costco Wholesale Corp.

<u>RULE 5.2:</u>     <u>SERVICE OF PAPERS FILED</u>

(a)     All papers filed with the Clerk of the Panel shall be accompanied by proof of previous or simultaneous service on all other parties in all actions involved in the litigation. Service and proof of service shall be made as provided in Rules 5 and 6 of the Federal Rules of Civil Procedure. The proof of service shall indicate the name and complete address of each person served and shall indicate the party represented by each. If a party is not represented by counsel, the proof of service shall indicate the name of the party and the party's last known address. The proof of service shall indicate why any person named as a party in a constituent complaint was not served with the Section 1407 pleading. The original proof of service shall be filed with the Clerk of the Panel and copies thereof shall be sent to each person included within the proof of service. After the "Panel Service List" described in subsection (d) of this Rule has been received from the Clerk of the Panel, the "Panel Service List" shall be utilized for service of responses to motions and all other filings. In such instances, the "Panel Service List" shall be attached to the proof of service and shall be supplemented in the proof of service in the event of the presence of additional parties or subsequent corrections relating to any party, counsel or address already on the "Panel Service List."

(b)     The proof of service pertaining to motions for transfer of actions pursuant to 28 U.S.C. §1407 shall certify that copies of the motions have been mailed or otherwise delivered for filing to the clerk of each district court in which an action is pending that will be affected by the motion. The proof of service pertaining to a motion for remand pursuant to 28 U.S.C. §1407 shall certify that a copy of the motion has been mailed or otherwise delivered for filing to the clerk of the Section 1407 transferee district court in which any action affected by the motion is pending.

(c)     Within eleven days of filing of a motion to transfer, an order to show cause or a conditional transfer order, each party or designated attorney shall notify the Clerk of the Panel, in writing, of the name and address of the attorney designated to receive service of all pleadings, notices, orders and other papers relating to practice before the Judicial Panel on Multidistrict Litigation. Only one attorney shall be designated for each party. Any party not represented by counsel shall be served by mailing such pleadings to the party's last known address. Requests for an extension of time to file the designation of attorney shall not be granted except in extraordinary circumstances.

(d)     In order to facilitate compliance with subsection (a) of this Rule, the Clerk of the Panel shall prepare and serve on all counsel and parties not represented by counsel, a "Panel Service List" containing the names and addresses of the designated attorneys and the party or parties they represent in the actions under consideration by the Panel and the names and addresses of the parties not represented by counsel in the actions under consideration by the Panel. After the "Panel Service List" has been received from the Clerk of the Panel, notice of subsequent corrections relating to any party, counsel or address on the "Panel Service List" shall be served on all other parties in all actions involved in the litigation.

(e)     If following transfer of any group of multidistrict litigation, the transferee district court appoints liaison counsel, this Rule shall be satisfied by serving each party in each affected action and all liaison counsel. Liaison counsel designated by the transferee district court shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he or she serves as liaison counsel.

(a) Upon learning of the pendency of a potential "tag-along action," as defined in Rule 1.1 of these Rules, an order may be entered by the Clerk of the Panel transferring that action to the previously designated transferee district court on the basis of the prior hearing session(s) and for the reasons expressed in previous opinions and orders of the Panel in the litigation. The Clerk of the Panel shall serve this order on each party to the litigation but, in order to afford all parties the opportunity to oppose transfer, shall not send the order to the clerk of the transferee district court for fifteen days from the entry thereof.

(b) Parties to an action subject to a conditional transfer order shall notify the Clerk of the Panel within the fifteen-day period if that action is no longer pending in its transferor district court.

(c) Any party opposing the transfer shall file a notice of opposition with the Clerk of the Panel within the fifteen-day period. If a notice of opposition is received by the Clerk of the Panel within this fifteen-day period, the Clerk of the Panel shall not transmit said order to the clerk of the transferee district court until further order of the Panel. The Clerk of the Panel shall notify the parties of the briefing schedule.

(d) Within fifteen days of the filing of its notice of opposition, the party opposing transfer shall file a motion to vacate the conditional transfer order and brief in support thereof. The Chairman of the Panel shall set the motion for the next appropriate hearing session of the Panel. Failure to file and serve a motion and brief shall be treated as withdrawal of the opposition and the Clerk of the Panel shall forthwith transmit the order to the clerk of the transferee district court.

(e) Conditional transfer orders do not become effective unless and until they are filed with the clerk of the transferee district court.

(f) Notices of opposition and motions to vacate such orders of the Panel and responses thereto shall be governed by Rules 5.12, 5.2, 7.1 and 7.2 of these Rules.

RULE 7.5:    MISCELLANEOUS PROVISIONS CONCERNING "TAG-ALONG ACTIONS"

(a) Potential "tag-along actions" filed in the transferee district require no action on the part of the Panel and requests for assignment of such actions to the Section 1407 transferee judge should be made in accordance with local rules for the assignment of related actions.

(b) Upon learning of the pendency of a potential "tag-along action" and having reasonable anticipation of opposition to transfer of that action, the Panel may direct the Clerk of the Panel to file a show cause order, in accordance with Rule 7.3 of these Rules, instead of a conditional transfer order.

(c) Failure to serve one or more of the defendants in a potential "tag-along action" with the complaint and summons as required by Rule 4 of the Federal Rules of Civil Procedure does not preclude transfer of such action under Section 1407. Such failure, however, may be submitted by such a defendant as a basis for opposing the proposed transfer if prejudice can be shown. The inability of the Clerk of the Panel to serve a conditional transfer order on all plaintiffs or defendants or their counsel shall not render the transfer of the action void but can be submitted by such a party as a basis for moving to remand as to such party if prejudice can be shown.

(d) A civil action apparently involving common questions of fact with actions under consideration by the Panel for transfer under Section 1407, which was either not included in a motion under Rule 7.2 of these Rules, or was included in such a motion that was filed too late to be included in the initial hearing session, will ordinarily be treated by the Panel as a potential "tag-along action."

(e) Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.

IN RE: AURORA DAIRY CORP. ORGANIC
MILK MARKETING AND SALES
PRACTICES LITIGATION

MDL No. 1907

## INVOLVED COUNSEL LIST (CTO-1)

Eric A. Bartsch
STOEL RIVES LLP
33 South Sixth Street
Suite 4200
Minneapolis, MN 55402

Joseph Henry Bates III
CAULEY BOWMAN CARNEY &
WILLIAMS LLP
P.O. Box 25438
Little Rock, AR 72221-5438

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO
LLP
1301 Fifth Avenue
Suite 2900
Seattle, WA 98101

Garrett D. Blanchfield Jr
REINHARDT WENDORF &
BLANCHFIELD
332 Minnesota Street
Suite E-1250
St. Paul, MN 55101

Robert M. Bramson
BRAMSON PLUTZIK MAHLER &
BIRKHAEUSER LLP
2125 Oak Grove Road
Suite 120
Walnut Creek, CA 94598

David J. Burman
PERKINS COIE LLP
1201 Third Avenue
Suite 4800
Seattle, WA 98101-3099

Katherine A. Campbell
5646 Milton Street
Suite 211
Dallas, TX 75206

Robert B. Carey
CAREY LAW FIRM
2301 East Pikes Peak
Colorado Springs, CO 80909

Jay W. Connolly
SEYFARTH SHAW LLP
560 Mission Street
#3100
San Francisco, CA 94105-2930

Elizabeth A. Fegan
HAGENS BERMAN SOBOL SHAPIRO
LLP
820 North Boulevard
Suite B
Oak Park, IL 60301

Philip E. Kaplan
KAPLAN BREWER MAXEY &
HARALSON PA
Metro Centre Mall
415 Main Street
Little Rock, AR 72201-3801

Livia Anne Kiser
LATHAM & WATKINS LLP
233 S. Wacker Drive
Suite 5800
Chicago, IL 60606

Daniel Kurowski
HAGENS BERMAN SOBOL SHAPIRO
LLP
820 North Boulevard
Suite B
Oak Park, IL 20302

Exhibit B 14

**MDL No. 1907 - Involved Counsel List (CTO-1) (Continued)**

Christopher Lovell
LOVELL STEWART HALEBIAN LLP
500 Fifth Avenue
Floor 58
New York, NY 10110

Christopher A. Moeller
PRICE WAICUKAUSKI & RILEY LLC
The Hammond Block Building
301 Massachusetts Avenue
Indianapolis, IN 46204

William O. Reckler
LATHAM & WATKINS LLP
885 Third Avenue
Suite 1000
New York, NY 10022

Tracy D. Rezvani
FINKELSTEIN THOMPSON LLP
1050 30th Street, N.W.
Washington, DC 20007

Richard P. Rouco
WHATLEY DRAKE & KALLAS LLC
2001 Park Place, North
P.O. Box 10647
Birmingham, AL 35202-0647

Lee F. Sachnoff
KRENDL KRENDL SACHNOFF & WAY PC
370 17th Street
Suite 5350
Denver, CO 80202

Shana E. Scarlett
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue
Suite 202
Berkeley, CA 94710

Harry Shulman
MILLS LAW FIRM
145 Marina Boulevard
San Rafael, CA 94901

Kip B. Shuman
SHUMAN & BERENS LLP
801 East 17th Avenue
Denver, CO 80218-1417

Viviann C. Stapp
LATHAM & WATKINS LLP
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-2562

Daniel F. Wake
SANDER INGEBRETSEN & PARISH PC
633 Seventeenth Street
#1900
Denver, CO 80202

Joe R. Whatley Jr.
WHATLEY DRAKE & KALLAS LLC
1540 Broadway
37th Floor
New York, NY 10036